STATE of Missouri, Respondent,

v.

Billy Gene CHASE, Appellant.

No. 51137.

Supreme Court of Missouri,
Division No. 1.

June 12, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Richard K. Wilson, Sp. Asst. Atty. Gen., Springfield, for respondent.

Leonard L. Bornschein, Clayton, for appellant in Circuit Court. No brief filed in Supreme Court. Taken as submitted.

HOUSER, Commissioner.

Billy Gene Chase was tried in the Circuit Court of Callaway County upon an information charging him with stealing a diamond ring of the value of $187.50. On July 13, 1964 the trial jury returned a verdict finding defendant guilty as charged and assessing his punishment at "2 years." The only entries in the transcript following the record of the filing of the verdict are those showing the filing of a motion for new trial on July 21, 1964, the filing of a notice of appeal "from the conviction entered in this action on the 13th day of July, 1964," and the making of an order extending the time for the filing of the transcript on appeal. The state concedes that the motion for new trial was never ruled upon. There is no showing in the transcript that allocution was granted or that sentence was passed or that a final judgment of conviction was entered.

■ The same situation existed in State v. Bledsoe, Mo.Sup., 249 S.W.2d 457. We reaffirm here what was said there. No final judgment having been rendered against defendant there was nothing from which to appeal. The appeal is premature. We have no jurisdiction to review the record on appeal in the absence of a final judgment in the trial court. The submission of this cause on appeal must be set aside and the cause remanded to the trial court with directions to cause defendant to be brought before the court. Criminal Rule 27.08, V.A.M.R.; § 546.560, V.A.M.S. Notwithstanding the court did not render formal judgment and impose sentence at the expiration of ninety days after the filing of the motion for new trial, it did not lose jurisdiction to do so. State v. Grant, Mo.Sup., 380 S.W.2d 799, 803 [6]. When defendant is brought before the court he should be granted allocution. Criminal Rule 27.09, V.A.M.R.; § 546.570, V.A.M.S. If no legal cause is shown why the court should not pronounce sentence against him the court should sentence defendant in accordance with the verdict and the punishment assessed by the jury and should render final judgment in the cause. After the rendition of final judgment defendant will have the right to take an appeal, Criminal Rule 28.03, "not later than ten days after the judgment * * * appealed from becomes final." Civil Rule 82.04, V.A.M.R.; § 547.070, V.A.M.S.; State v. Grant, supra, 380 S.W.2d, 1. c. 803. Defendant will then be entitled to "a review of the cause by this court upon its merits, provided all proper procedural steps required by law and the rules of this court are taken." State v. Bledsoe, supra, 249 S.W.2d, 1. c. 458 [2].

It is so ordered.

WELBORN and HIGGINS, CC., concurs..

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.