**STATE of Missouri, Respondent,**

**v.**

**Bobby Gene ABSHER, Appellant.**

**No. 8802.**

Springfield Court of Appeals.

Missouri.

March 5, 1969.

"* * * It's the order, sentence and judgment of this Court that you be fined the sum of Fifty dollars for the crime of exceeding the legal speed limit and that you be assessed the costs of this action."

This is the only record of a finding of guilt or innocence and the only record of a judgment which appears in the transcript. The defendant filed a motion for new trial on February 21, 1968, but the disposition of that motion is not shown. On March 9, 1968, 18 days after the motion was filed, notice of appeal was given. Thereafter a transcript was filed, and the appeal was submitted in this court without argument.

In briefing the case, the parties do not distinguish between the *finding* required by Rule 26.01(c), V.A.M.R., and the judgment and sentence, which must be pronounced *after* the motion for new trial and other presentence procedures have been disposed of. See State v. Jaeger, Mo., 394 S.W.2d 347, 354 [10–14]. Since the entry above noted was made before the motion for new trial was disposed of, it is not in fact a sentence or judgment, and certainly not a final judgment, State v. Jaeger, supra, 394 S.W.2d at 354, we have no jurisdiction to review the record, and we may not consider the similarity between the quoted entry and that discussed in City of St. Louis v. Meixner, Mo.App., 285 S.W.2d 50.

The submission must be set aside and the cause remanded for entry of a final judgment, as outlined in State v. Chase, Mo., 415 S.W.2d 731, 732 [1–3]. Defendant may then appeal, provided all proper procedural steps are taken. State v. Chase, supra, 415 S.W.2d at 732; State v. Bledsoe, Mo., 249 S.W.2d 457, 458 [1] [2].

It is so ordered.

STONE and TITUS, JJ., concur.

———◆———

Bob J. Keeter, Mann, Walter, Burkart, Weathers & Schroff, Springfield, for appellant.

R. Jack Garrett, Pros. Atty., West Plains, for respondent.

HOGAN, Presiding Judge.

Bobby Gene Absher was tried in the Circuit Court of Howell County upon an information charging him with driving upon a federal highway at a speed in excess of 70 miles per hour in the daytime, in violation of RSMo § 304.010, par. 2(1) (Cum. Supp.1967), V.A.M.S. Trial to the court without a jury was had on February 15, 1968. At the conclusion of the trial, the defendant was asked if he had any reason to offer why a sentence should not be pronounced, and the court then stated: