**STATE of Missouri, Respondent,**

v.

**Joyce BOND, Appellant.**

**No. 8931.**

Springfield Court of Appeals.

Missouri.

Nov. 21, 1969.

A. Robert Pierce, Jr., Cape Girardeau, for appellant.

Kenneth W. Shrum, Pros. Atty., Marble Hill, for respondent.

STONE, Judge.

Joyce Bond was tried in the Circuit Court of Bollinger County upon an amended information charging her with supplying and selling "intoxicating liquor, to wit, six cans of 5% beer, to persons under the age of twenty one years, to wit: Edward Keith Lawrence, Michael Whitehead or Ray Gene Camden, minor children of the ages of 18, 17 and 18 respectively . . . ." V.A. M.S. § 311.310. On March 24, 1969, the trial jury returned a verdict finding defendant "guilty of supplying intoxicating liquor to a person under the age of twenty-one years and [assessing] her punishment at a fine of $500.00 and costs." The record entry of that date reflects this further action: "Whereupon the court adopts the punishment by the jury aforesaid in form aforesaid assessed. It is therefore considered by the court that the State of Missouri recover of the defendant the sum of Five Hundred Dollars ($500.00), the fine assessed against her, as aforesaid, together with all costs in this behalf incurred, and that hereof execution, with capias clause, issue therefor." Defendant's motion for new trial was filed on April 3, 1969, and on April 14 "was taken up, argued and overruled." The only subsequent entry in the transcript reflects the notice of appeal given on April 23, 1969. There is no showing that sentence was pronounced or that a final judgment of conviction was entered.

Since no final judgment was rendered against defendant, there was nothing from which to appeal, her attempted appeal is premature, and we have no jurisdiction to review the record. State v. Bledsoe, Mo., 249 S.W.2d 457(1), and cases there cited; State v. Chase, Mo., 415 S.W.2d 731, 732 (1); State v. Absher, Mo.App., 439 S.W.2d 11. In this connection, see State v. Jaeger, Mo., 394 S.W.2d 347, 352(7), 354(10–14). The submission must be set aside and the cause remanded for entry of a final judgment as outlined in State v. Chase, supra, 415 S.W.2d at 732(2). Defendant then may appeal, provided all proper procedural steps are taken. State v. Bledsoe, supra, 249 S.W.2d at 458(2); State v. Absher, supra, 439 S.W.2d at 12.

It is so ordered.

HOGAN, P. J., and TITUS, J., concur.