**4** ▪ ▬▬▬▬▬▬▬▬▬▬

STATE of Missouri, Plaintiff-Respondent,

v.

Leroy James GRIMES, Defendant-Appellant.

No. 34028.

St. Louis Court of Appeals,
Missouri.

July 27, 1971.

Charles Shaw, Joseph Howlett, Clayton, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., Robert Hoffman, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

In a trial before the court without a jury the court found the defendant guilty of "unlawfully and without the consent of the owner, climb in and upon a motor vehicle, * * *", (§ 560.175 [2], RSMo 1969, V.A.M.S.)—a misdemeanor.[1] After the defendant rested his case, the court stated: "It is a finding of guilty" and then the court assessed the defendant's punishment by stating " * * * it will be sixty days City Workhouse." In due course the defendant filed a motion for a new trial which was overruled by the court. Thereafter the defendant filed his notice of appeal to this court.

▪ There is no showing in the transcript on this appeal that the defendant was ever sentenced or that a final judgment of conviction was entered after the motion for a new trial was overruled. Criminal Rule 27.09, V.A.M.R.; State v. Jaeger, Mo., 394 S.W.2d 347 [10–14]. Since the appeal was taken before final judgment it was premature. We are without jurisdiction to hear this appeal in the absence of a final judgment in the trial court. There is nothing from which an appeal can be taken. State v. Chase, Mo., 415 S.W.2d 731 [1–3]; State v. Hendel, Mo.App., 468 S.W.2d 664 (May 25, 1971); State v. Absher, Mo.App., 439 S.W.2d 11.

The submission of this cause on appeal must be set aside and the cause remanded to the trial court with directions to cause defendant to be properly sentenced and a final judgment rendered in the cause. The defendant shall then have the right to take an appeal from the judgment. State v. Grant, Mo., 380 S.W.2d 799 [8].

▪ It is noted that defendant's attorney failed to file a brief in this court in this premature appeal. Defendant's attorney is required to file a brief in any appeal of this case. State v. Gates, Mo., 466 S.W. 2d 681.

It is so ordered.

BRADY, P. J., and WOLFE, J., concur.

1. § 560.180, RSMo 1969, V.A.M.S.