**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Patricia Ann EZELL, Defendant-Appellant.**

**No. 33751.**

St. Louis Court of Appeals,
Missouri.

Aug. 4, 1971.

Raymond Howard, St. Louis, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., William H. Knox, Sidney Faber, Associate Pros. Attys., James I. Bucher, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

BRADY, Presiding Judge.

Defendant appeals from her conviction following a jury waived trial on a charge of violation of § 561.415, RSMo., V.A.M.S., in that she defrauded a store of certain merchandise by fraudulently using the credit card of one Freddie Butler without his consent. This case is another in a recent series of cases where this court is without jurisdiction to pass on the merits of the alleged allegations of error.[1] Refer-

---

1. See also State v. Grimes, Mo.App., 470 S.W.2d 4, opinion filed July 27, 1971; State v. Hendel, Mo.App., 468 S.W.2d 664, opinion filed May 25, 1971.

ence by the court, counsel and the Bar to the rules and cases cited herein will hopefully make it the last.

The transcript discloses that on the same day (December 9) and immediately following the conclusion of the presentation of evidence the following proceedings took place: "THE COURT: All right, it will be a finding of guilty. Does the defendant have a prior record? MR. BUCHER: No, Your Honor. THE COURT: All right, Fifty Dollars and costs and thirty days in the City Jail and I'll put her on probation for the jail time providing that anything that has been obtained illegally off the credit card by her is paid back." It further appears that on that same·day defendant's counsel moved and was granted "ten days additional time within which to file his motion for a new trial." The motion for new trial was filed on January 9 and was overruled on January 16. The notice of appeal was filed the day the motion for new trial was overruled.

■ Criminal Rule 27.20, V.A.M.R., requires that the motion for new trial " * * * *shall* be filed before judgment and within ten days after the return of the verdict: * * *." (Emphasis supplied.) It is obvious the "judgment" appealed from was entered before the filing and ruling of defendant's motion for new trial and therefore was not a sentence or final judgment from which an appeal can be taken. State v. Jaeger, Mo., 394 S.W.2d 347. The appeal is therefore premature and the submission of this case set aside. State v. Chase, Mo., 415 S.W.2d 731; State v. Jaeger, supra; State v. Hendel, supra; State v. Grimes, supra; see also State v. Myers, Mo.App., 467 S.W.2d 577, and cases there cited.

■ There is an additional difficulty present in the instant appeal with which the other cases did not deal. This arises from the fact that the trial court's pronouncement on December 9 would seem equivalent to the return of a verdict. With exceptions [2] Criminal Rule 27.20 provides the motion for new trial shall be filed within ten days after the return of the verdict. It follows that if the submission is set aside and the cause remanded the defendant would be powerless to file a motion for new trial. This for the reason that although it could then be filed prior to the entry of a valid appealable judgment his motion would obviously be filed much later than ten days after return of the "verdict" (December 9), out of time with reference to the extension granted by the trial court, and also beyond the time the trial court could extend for the filing of such a motion. The result would be to deny defendant an appeal. We note the trial court did accept the motion for new trial even though it was due December 29 and was not filed until January 9. The trial court did act upon that motion.

The statement of the court on December 9 that "All right, it will be a finding of guilty" was in the future tense and cannot be held equivalent to the return of a verdict. This statement together with the alleged "judgment" is a nullity. It follows that the submission of this case must be set aside, the appeal dismissed, and the cause remanded to the trial court for rendition of the verdict, receiving and ruling upon defendant's motion for new trial, if any be filed, and an entry of final judgment in accordance with the requirements of Criminal Rule 27.20. State v. Chase, supra. We have no jurisdiction to rule the merits at this time.

WOLFE, J., and JAMES RUDDY, Special Judge, concur.

---

2. " * * * Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion."