STATE of Missouri, Plaintiff-Respondent,

v.

William R. NICHOLS, Defendant-Appellant.

No. 25705.

Kansas City Court of Appeals, Missouri.

Dec. 6, 1971.

R. H. Mos, Jr., Farley & Mos, Farley, for defendant-appellant.

Abe Shafer, Platte City, for plaintiff-respondent.

DIXON, Commissioner.

Defendant appeals his conviction in a jury waived case. The charge was driving a motor vehicle while intoxicated. We set aside the submission of this case and dismiss the appeal since we are without jurisdiction. The trial was held September 17, 1970; at the conclusion of the evidence, the following appears in the transcript:

"THE COURT: * * * It is the finding of the court that the defendant

is guilty as charged in the information of driving while intoxicated, and is fined $100.00 and costs.

MR. BABER: We ask ten days to file motion for new trial.

THE COURT: Granted."

On Monday, September 28th, a motion was filed denominated "MOTION TO SET ASIDE VERDICT AND FOR JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE FOR A NEW TRIAL." No ruling of the court on this motion appears. Ninety-four days later appellant filed notice of appeal "from the judgment of conviction entered" the 17th day of September, 1970.

■ If the remark of the court as to the punishment assessed be taken as the judgment, it is premature and void as being made prior to the filing of the motion for new trial. State v. Grant, Mo., 380 S.W.2d 799, 803. V.A.M.R. 27.20. No other judgment appearing, we can only conclude no valid final judgment has been entered from which a proper appeal might be taken.

■ The trial court retains jurisdiction to enter such a final judgment, and the appeal may then be prosecuted. State v. Chase, Mo., 415 S.W.2d 731.

Submission of this cause is set aside and appeal dismissed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of DIXON, C., is adopted as the opinion of the Court.

All concur.