**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ralph SUMMERS, Defendant-Appellant.**

No. 34236.

Missouri Court of Appeals,
St. Louis District.

Feb. 23, 1972.

---

Michael J. Ebeling, St. Louis, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., James I. Bucher, Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals his conviction following a jury waived trial. The defendant was found guilty of the failure to support "his child" who was under the age of 16 years.[1]

After defendant rested his case, the court stated: "I'm going to find him guilty and sentence him to six months in the City Workhouse and I'll grant him probation." Defendant immediately filed a "Motion for a New Trial or for Outright Reversal and Acquittal," which was overruled. Thereafter, defendant filed his notice of appeal to this court.

■ There is no showing here that the defendant was ever sentenced or that a final judgment of conviction was entered after the motion for a new trial was overruled. On the contrary, the record here shows that the court attempted to sentence the defendant before the filing and ruling on defendant's motion for a new trial. This attempt sentencing was premature and void as being made prior to the filing and ruling on the motion for a new trial. State v. Jaeger, Mo., 394 S.W.2d 347 [10–14]; State v. Grimes, Mo.App., 470 S.W.2d 4; State v. Ezell, Mo.App., 470 S.W.2d 162; Criminal Rule 27.20, V.A.M.R.

■ We have no jurisdiction to hear this appeal in the absence of a final judgment in the trial court. There is nothing from which an appeal can be taken. State v. Chase, Mo., 415 S.W.2d 731 [1–3].

The submission of this cause on appeal must be set aside and the case remanded to the trial court with directions to properly sentence the defendant and render a final judgment. The defendant will then have the right to appeal from that judgment. State v. Chase, supra.

BRADY, C. J., and SMITH and WEIER, JJ., concur.

---

1. Section 559.353, RSMo., V.A.M.S.—a misdemeanor.