**CITY OF ST. LOUIS, Plaintiff-Respondent,**

v.

**James RICHARDSON, Defendant-Appellant.**

**No. 35118.**

Missouri Court of Appeals,
St. Louis District,
Division 1.

April 23, 1974.

Brady, Brady & Devereaux, St. Louis, for defendant-appellant.

**196**

Jack L. Koehr, City Counselor Raymond J. Issa, Asst. City Counselor, St. Louis, for plaintiff-respondent.

PER CURIAM.

Defendant-appellant, James Richardson, was convicted in the City Court of the City of St. Louis of a violation of § 772.010 Revised Code of the City of St. Louis, 1960, for selling or offering for sale "sex-inciting devices" and he appealed to the St. Louis Court of Criminal Correction. § 479.110, RSMo, V.A.M.S. Thereafter, on October 27, 1972, after trial before the court, he was found guilty and the court assessed sentence of "One hundred dollars and costs" and he was given ten days to file a motion for a new trial. On November 6, the defendant was given an additional thirty days, until December 6, 1972, to file a motion for new trial. The motion was filed on that date. On January 2, 1973, the motion was overruled and on January 12, 1973 the defendant through counsel filed his notice of appeal to this court.

 We have determined that there has been no judgment from which an appeal might be taken in this cause so that the cause must be remanded to the St. Louis Court of Criminal Correction with directions to properly sentence the defendant and render a final judgment from which an appeal might be taken. The record in this court shows that at the end of the City's case counsel for appellant moved to dismiss, and the Court announced "One hundred dollars and costs, ten days to file a motion for new trial." Appellant was granted an additional thirty days to file his motion; the motion was filed within time and on January 2, 1973, the motion was overruled. The record, however, fails to show that the defendant was sentenced after the motion for new trial was overruled. The attempt of the court to sentence appellant prior to the disposition of the motion for new trial does not constitute a final judgment.

In State v. Summers, 477 S.W.2d 721, 722 (Mo.App.1972), it was held that where the record shows that the court attempted to sentence the defendant before the filing and ruling on defendant's motion for a new trial the assessment of sentence was premature and void as being made prior to the filing and ruling on the motion for new trial.

 There is no showing in the transcript that the defendant was ever sentenced or that a final judgment was entered after the motion for new trial was overruled. Since the appeal was taken before final judgment, it is premature. We are without jurisdiction to hear this appeal in the absence of a final judgment in the trial court. State v. Grimes, 470 S.W.2d 4 Mo.App.1972); State v. Ezell, 470 S.W. 2d 162, 163 (Mo.App.1971); City of St. Louis v. Matthews, Mo.App., 509 S.W.2d 195, St. Louis District, filed this date.

The submission of this cause on appeal is set aside and the cause remanded to the trial court with directions to properly sentence the defendant and render a final judgment. The defendant will then have the right of appeal from that judgment.

All the Judges concur.