STATE of Missouri,
Plaintiff-Respondent,

v.

Gerald L. COLLINS,
Defendant-Appellant.

No. 10714.

Missouri Court of Appeals,
Southern District.

April 6, 1979.

Loren R. Honecker, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

Upon trial to the court, defendant Gerald L. Collins was found guilty of tampering with a motor vehicle as defined and denounced by former § 560.175(1), V.A.M.S., and his punishment was assessed at imprisonment for a term of three years. Pursuant to § 549.071(1), RSMo 1969, V.A.M.S., defendant's "sentence" was suspended and he was put on probation for a term of two years. Defendant appeals.

The defendant has vigorously argued that he was arrested without probable cause and that the statements he made to peace officers while in custody were involuntary under the principles stated in *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) and modified in *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). The state has answered the defendant's contentions as presented. Resolution on the merits would be relatively simple if this court had jurisdiction of the appeal.

This appeal is the defendant's appeal of constitutional right. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). We should not, indeed cannot, resolve the appeal on its merits by ignoring the want of a final judgment from which to appeal. We find from our own inquiry that evidence was heard in this cause on June 10, 1977. At the close of all the evidence, the

trial court immediately granted allocution, pronounced sentence and "granted" probation for a period of two years. There is nothing in the record which would warrant a finding that the defendant expressly waived his right to file a motion for new trial or other authorized after-trial motion.

The interrelation of Rule 26.01,[1] which permits the trial of criminal causes to the bench, Rule 28.18,[2] and amended Rule 73.01 has given rise to difficult questions on criminal appeals. Rule 73.01(1)(c) provides that in bench-tried civil cases a party may, but need not, file a motion for new trial. Rule 73.01(2)(b) provides that neither a motion for new trial nor a motion to amend the judgment is necessary to preserve any matter for appellate review. Because the criminal rules are not specific about the necessity of a motion for new trial as a basis for appellate review of a conviction, and because Rule 28.18 refers in very general language to the civil rules, our courts have held that a motion for new trial is not necessary to secure review of a judgment of conviction and sentence thereon in a bench-tried criminal case. *State v. Farmer*, 548 S.W.2d 202, 204[1] (Mo.App.1977); *State v. Bruns*, 522 S.W.2d 54, 55[1] (Mo.App.1975). It does not follow that a criminal defendant may be sentenced before he has been given the opportunity to file a motion for new trial or other appropriate after-trial motion. Even though a motion for new trial in a bench-tried case may not serve precisely the same function as a motion for new trial in a jury-tried case, the opportunity to file such a motion is a valuable right which may not be denied unless it is expressly waived, even in court-tried cases. Therefore it has been consistently held that a criminal defendant *must* be afforded the opportunity to file such motion before a judgment is rendered and sentence is imposed, and the record should indicate, either by lapse of the ten-day period prescribed by Rule 27.20(a) or by express waiver, that the defendant has been given the chance to file such motion or motions. *State v. Griffin*, 563 S.W.2d 166, 167[1] (Mo.App.1978); *City of Kansas City v. Rowell*, 548 S.W.2d 236 (Mo.App.1977); *State v. Summers*, 477 S.W.2d 721, 722[1] (Mo.App.1972); *State v. Absher*, 439 S.W.2d 11, 12 (Mo.App.1969). The purported sentence is premature, void, and we are without jurisdiction of the appeal. The submission must be set aside but the trial court retains jurisdiction to afford the defendant an opportunity to file or waive his right to file a motion for new trial. *State v. Absher*, supra, 439 S.W.2d at 12. In the circumstances presented, the cause is remanded to the Circuit Court of Greene County. The defendant will be afforded the opportunity to file a motion for new trial or to waive his right to do so. As soon as the trial court has acted upon defendant's motion or upon his filing an express waiver of his right to do so, the cause will be restored to this court's docket for consideration on the merits, if defendant so desires. It is so ordered.

BILLINGS, C. J., and YEAMAN, CONLEY and RAGLAND, Special Judges, concur.

---

1. References to rules are to Missouri Rules of Court, 9th Edition, 1978, V.A.M.R.

2. Which reads: "[T]he Rules of Civil Procedure governing practice and procedure in the Supreme Court and Courts of Appeal in civil cases shall govern the practice and procedure in criminal cases . . . .."