**STATE of Missouri, Respondent,**

v.

**Ernest Robert WREN, Appellant.**

**No. WD 31455.**

Missouri Court of Appeals,
Western District.

Dec. 2, 1980.

---

1. Rule 27.20(c) is in substance present Rule 29.12(b), effective January 1, 1980.

Charles W. Franklin, Columbia, for appellant.

No appearance, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charged with operating a motor vehicle in a careless and imprudent manner in violation of Section 304.010, RSMo 1978. Defendant waived trial by jury and on October 11, 1979, following the introduction of evidence, the trial court found defendant guilty as charged.

From a sequential standpoint, an aberration of procedural events occurred in the trial court after the verdict was returned which pose a jurisdictional question. The events referred to, in chronological order, are as follows. On the same day the verdict was returned, to wit, October 11, 1979, the trial court "rendered judgment" and "pronounced" defendant's sentence at confinement in the Boone County Jail for six months. On October 15, 1979, without no-

tice to either the defendant or the state, the following docket entry was made: "The court sets aside its sentence of 10–11–79 and ·orders a pre–trial investigation be made. Final disposition set for 11–19–79, 9:00 A.M. Division III." On November 19, 1979, the following docket entry was made: "Court finds it had no jurisdiction to enter its order of 10–15–79, sets same aside and holds it for naught. Accordingly sentence and judgment of October 11, 1979, is in full force and effect." On November 20, 1979, defendant filed a motion pursuant to Rule 27.22, now Rule 29.13(a), to set aside the judgment, or, in the alternative, for a new trial. On December 11, 1979, the following docket entry was made: "The Court finding Defendant's Motion to Set Aside Judgment or in the Alternative for New Trial was not timely filed, overrules same." Defendant appealed.

■ The judgment and sentence rendered and pronounced by the trial court before the time expired for defendant to file a motion for new trial (Rule 29.11) was premature and void. *State v. Summers*, 477 S.W.2d 721, 722 (Mo.App.1972); and *State v. Nichols*, 474 S.W.2d 54, 55 (Mo.App. 1971). Notwithstanding the confusion created by the October 15, 1979, docket entry, the November 19, 1979, docket entry makes clear that the only judgment and sentence professed to have been rendered and pronounced by the trial court was that of October 11, 1979. As it was premature and void, there was no final judgment from which defendant could appeal. *State v. Summers, supra*; and *State v. Nichols, supra*. This, court, in the absence of a final judgment in the trial court, lacks jurisdiction to hear the appeal. *State v. Chase*, 415 S.W.2d 731, 732 (Mo.1967); and *State v. Summers, supra*.

Submission of this case is set aside, the appeal is dismissed, and the case is remanded to the trial court with directions to render a final judgment and pronounce sentence in accordance with the law and applicable Rules of Criminal Procedure. The time within which defendant may appeal therefrom is prescribed by Rule 30.01. *State v. Chase, supra*.

All concur.