**STATE of Missouri, Respondent,**

v.

**Michael A. GOTH, Appellant.**

**No. WD 42562.**

Missouri Court of Appeals,
Western District.

July 10, 1990.

Milton D. Skeens, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Defendant, Michael A. Goth, was charged by amended information with possession of cocaine, a violation of Mo.Rev. Stat. § 195.020 (1986). The state also alleged in the information that the defendant was a prior offender within the meaning of Mo.Rev.Stat. §§ 558.016, 557.036 (1986). On October 17, 1989, defendant waived his right to trial by jury. On the same day, the trial court heard the case on the basis of stipulated facts, found defendant guilty as charged, and sentenced him as a prior offender to a term of six years imprisonment.

On appeal, defendant claims that the trial court erred in overruling his motion to suppress a cosmetic case and two straws, all of which contained residue of cocaine. The state contends that the defendant has altered and broadened his theory on appeal. Defendant argues that he was prevented from more fully and clearly defining his challenge to the trial court in that he was denied the right to file a motion for new trial. We concur with the defendant.

**438**

As the court in *State v. Collins*, 580 S.W.2d 320, 321 (Mo.App.1979) opined:

> Even though a motion for new trial in a bench-tried case may not serve precisely the same function as a motion for new trial in a jury-tried case, the opportunity to file such a motion is a valuable right which may not be denied unless it is expressly waived, even in court-tried cases. Therefore it has been consistently held that a criminal defendant must be afforded the opportunity to file such motion before a judgment is rendered and sentence is imposed....

The record should indicate, either by express waiver or the lapse of the fifteen day period as prescribed by Rule 29.11(b), that defendant has been given the opportunity to file a motion for new trial. *Id.*

The records reveal no clear waiver by the defendant of his right to file a motion for new trial. The judgment and sentence rendered and pronounced by the trial court before the time expired for defendant to file a motion for new trial was premature and void. *State v. Wren*, 609 S.W.2d 480, 481 (Mo.App.1980); *e.g., State v. Etherton*, 662 S.W.2d 913, 914 (Mo.App. 1983). As such, there is no final judgment by the trial court from which defendant can appeal, and we, therefore, are without jurisdiction to hear this appeal.

Submission of this case is set aside. Whereas the trial court retains jurisdiction to afford the defendant an opportunity to file or waive his right to file a motion for new trial, *State v. Collins*, 580 S.W.2d at 321; *State v. Absher*, 439 S.W.2d 11, 12 (Mo.App.1969), the case is remanded to the trial court with directions to afford the defendant such an opportunity pursuant to Rule 29.11(b), (c). As soon as the trial court acts upon defendant's motion or express waiver, we direct it to either sustain defendant's motion for new trial or render final judgment and pronounce sentence. Appeal dismissed.

All concur.