**STATE of Missouri, Respondent,**

v.

**William W. DeGRAFFENREID, Appellant.**

**No. 18335.**

Missouri Court of Appeals, Southern District, Division One.

June 9, 1993.

Douglas A. Hosmer, Asst. Public Defender, Springfield, for appellant.

Thomas C. Mountjoy, Pros. Atty., Millie Donohoe, Asst. Pros. Atty., Greene County, Springfield, for respondent.

PER CURIAM.

Appellant, William W. DeGraffenreid, was tried by the court without a jury August 11, 1992, on two counts of nonsupport, a class A misdemeanor. § 568.040, RSMo Cum.Supp.1990. The next day, the trial court filed a memorandum finding Appellant guilty and setting forth the reasons.

According to the trial court's docket sheet, the next activity occurred August 14, 1992, when Appellant, his lawyer, and the prosecutor reappeared in the trial court. The court purported to sentence Appellant to thirty days in jail, suspend execution of the sentence, and place Appellant on probation.[1]

Under Rule 29.11(b) and (e), Missouri Rules of Criminal Procedure (1992), Appellant had the right to file a motion for new trial within fifteen days after the finding of guilty. The record is bare of any indication Appellant waived that right, yet the trial court purported to render judgment and sentence before the deadline passed.

Missouri cases have consistently held that in such circumstances the purported judgment and sentence are premature and void, hence there is no judgment from which to appeal. *State v. Dieter,* 840 S.W.2d 887 (Mo.App.S.D.1992); *State v. Goth,* 792 S.W.2d 437 (Mo.App.W.D.1990);

*State v. Wren,* 609 S.W.2d 480 (Mo.App. W.D.1980); *State v. Collins,* 580 S.W.2d 320 (Mo.App.S.D.1979); *State v. Summers,* 477 S.W.2d 721 (Mo.App.1972); *State v. Nichols,* 474 S.W.2d 54 (Mo.App.1971).

In conformity with the procedure spelled out by this Court in *Dieter,* 840 S.W.2d 887, we dismiss the appeal and remand the case to the trial court with directions to grant Appellant either the opportunity to file a motion for new trial or waive his right to do so. If the right is waived expressly or by passage of time, or if a motion for new trial is filed and denied, the trial court may thereafter sentence Appellant. He will then have the right to appeal.

---

1. The record on appeal contains no formal judgment.