**STATE of Missouri, Plaintiff–Respondent,**

**v.**

**Timothy DEAN, Defendant–Appellant.**

No. 22820.

Missouri Court of Appeals, Southern District, Division One.

Nov. 22, 1999.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rebecca Martin Rivers, Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

Timothy Dean (Defendant) was tried by the court without a jury on two counts of

forgery, both class C felonies. § 570.090.1(4) and .2, RSMo 1994. After hearing the evidence, the trial court took the case under advisement pending receipt of trial briefs from the lawyers. The docket sheet reflects that the briefs were timely filed, and on January 5, 1999, the lawyers were notified to appear "for decision" on January 12, 1999. On the appearance date, the trial judge found Defendant guilty on both counts and sentenced him to two concurrent one-year terms in the county jail[1] This appeal followed.

■ Where a prerequisite to appellate-court jurisdiction is not met, the appellate court must raise the issue sua sponte. *See State v. Clemmons,* 416 S.W.2d 68, 70–71 (Mo.1967). Such an issue appears here; accordingly, we dismiss the appeal.

Under Rule 29.11(b) and (e),[2] Defendant had the right to file a motion for new trial within fifteen days after the trial court found him guilty. Rule 29.ll(c) provides that "[n]o judgment shall be rendered until the time for filing a motion for new trial has expired."

■ "The right to file a motion for a new trial is valuable, and may not be denied unless it is expressly waived, even in court-tried cases." *State v. Braden,* 864 S.W.2d 8, 9[2] (Mo.App.1993). The record here is barren of any indication that Defendant waived his right to file a motion for new trial, yet the trial court purported to render judgment and sentence before the deadline passed.

■ Missouri courts have repeatedly held that in such circumstances, any purported judgment and sentence is premature and void; consequently, there is no judgment from which to appeal. *Braden,* 864 S.W.2d at 9[1]; *State v. DeGraffenreid,* 855 S.W.2d 450, 451 (Mo.App.1993); *State v. Dieter,* 840 S.W.2d 887 (Mo.App.1992); *State v. Goth,* 792 S.W.2d 437, 438[2] (Mo. App.1990); *State v. Wren,* 609 S.W.2d 480,

481 [1,2] (Mo.App.1980); *State v. Collins,* 580 S.W.2d 320, 321[2] (Mo.App.1979). Therefore, this court is without jurisdiction to hear this appeal. *Braden,* 864 S.W.2d at 9.

In conformity with the procedure spelled out by this court in *DeGraffenreid,* 855 S.W.2d 450, and *Dieter,* 840 S.W.2d 887, we dismiss the appeal and remand the case to the trial court and direct the court to grant Defendant the opportunity to file a motion for new trial or to waive his right to do so. If the right is waived expressly or by passage of time, or if a motion for new trial is filed and denied, the trial court may thereafter sentence Defendant. Defendant will then have the right to appeal.

CROW, P.J., concurs.

PARRISH, J., concurs in separate opinion.

JOHN E. PARRISH, Judge, concurring.

I concur. I write separately to address the lack of a "formal judgment" in the record on appeal. *See* n. 1 of the principal opinion. No appeal will lie until a judgment is final. § 547.070, RSMo 1994. *See State v. Stout,* 960 S.W.2d 535, 536 (Mo. App. 1998).

Until a written judgment is rendered, a trial court retains jurisdiction to modify a sentence. *State v. Patterson,* 959 S.W.2d 940, 941 (Mo.App. 1998); *State v. Johnson,* 864 S.W.2d 449, 451 (Mo.App. 1993); *State v. Bulloch,* 838 S.W.2d 510, 513 (Mo.App. 1992). Thus, until a judgment of conviction is reduced to writing, it is not final.

Rule 30.04(a) specifies that the legal file component of the record on appeal shall "contain clearly reproduced exact copies of the indictment or information and other portions of the trial record previously reduced to written form." The rule identifies "the judgment and sentence" as an item "[t]he legal file shall always include." In the event that further proceedings in

---

1. The record on appeal contains no formal judgment.

2. Rule references are to Missouri Supreme Court Rules (1999).

this case result in imposition of judgment and sentence, the judgment and sentence must be reduced to writing to be final. Should there be an appeal, the legal file component of the record on appeal must include a clearly reproduced exact copy of the written judgment and sentence.