**STATE of Missouri, Respondent,**

v.

**Marvin D. BESENDORFER, Appellant.**

**No. WD 73968.**

Missouri Court of Appeals,
Western District.

Aug. 14, 2012.

Kent Denzel, Columbia, MO, for Appellant.

Timothy Blackwell, Jefferson City, MO, for Respondent.

Before: JAMES EDWARD WELSH, C.J., THOMAS H. NEWTON, J., and OWENS L. HULL, SP. J.

THOMAS H. NEWTON, Judge.

Mr. Marvin D. Besendorfer appeals from the trial court's judgment convicting him of driving while intoxicated. He claims that the evidence was insufficient to support his conviction. Although judgment was prematurely entered, Mr. Besendorfer asks that we address his claim on the merits. Because the judgment is not final, we have no authority to hear his case and dismiss.

### Factual and Procedural History

Viewed in the light most favorable to the verdict, the evidence at trial showed that a State Highway Trooper found Mr. Besen-

dorfer in a pickup truck stuck in a snow bank off the side of the highway. The interior lights were on, the engine was running, and the driver's side of the vehicle was deep in the snow. Approaching from the passenger side, the trooper observed that Mr. Besendorfer was asleep, lying across the bench of the truck's front seat. His head was towards the passenger door, and his legs were dangling near the brake and gas pedals. The trooper knocked on the window. Upon awakening, Mr. Besendorfer's speech was slurred, he swayed as he walked towards the patrol car, his breath smelled of intoxicants, and his eyes were glassy and bloodshot. Mr. Besendorfer admitted to drinking, but claimed that his girlfriend was driving and left to get help. The trooper administered three sobriety tests and subsequently arrested Mr. Besendorfer. At the police station, Mr. Besendorfer refused to submit to a breath test.

Mr. Besendorfer was charged with driving while intoxicated, section 577.010.[1] Mr. Besendorfer waived his right to a jury trial on the terms that the State would charge a class D felony instead of a class B felony. At trial, the State presented the testimony of the arresting officer and an officer who interviewed Mr. Besendorfer at the police station. Mr. Besendorfer and Mr. Besendorfer's girlfriend testified that she had been driving. On cross-examination of Mr. Besendorfer's girlfriend, the State pointed out logical inconsistencies in her testimony, such as that she allegedly opted to walk up to five miles in freezing temperatures, rather than trying to put the truck in four-wheel drive or using Mr. Besendorfer's cell phone to call for help. On May 24, 2011, the day of trial, the trial court found Mr. Besendorfer guilty of driving while intoxicated as a persistent of-

fender and sentenced him to four years imprisonment. It then suspended execution of the sentence and ordered five years probation. The record does not show that Mr. Besendorfer waived the right to file a motion for new trial pursuant to Rule 29.11(b). On June 3, 2011, Mr. Besendorfer filed a notice of appeal.

## Legal Analysis

On appeal, Mr. Besendorfer contends that: (1) although the case law indicates we do not have jurisdiction over his appeal, we should address his appeal on the merits for the sake of judicial economy; and (2) the trial court erred in that there is insufficient evidence to support his conviction.

In his first point, Mr. Besendorfer concedes that, contrary to Rule 29.11, the circuit court sentenced him although Mr. Besendorfer had not waived his right to move for a new trial and fifteen days had not elapsed since his conviction. He argues that in the interests of judicial economy, we should allow him to waive his right to a new trial on appeal. He contends that "no purpose would be served in dismissing and remanding ... since [he] will simply waive the filing of a motion for new trial, and he will again appeal," again raising a challenge to the sufficiency of the evidence.

Rule 29.11(b) provides that "[a] motion for new trial ... shall be filed within fifteen days after the return of the verdict." Rule 29.11(c) prohibits the circuit court from rendering judgment "until the time for filing a motion for new trial has expired." The right to move for a new trial is valuable, and cannot be denied absent the defendant's express waiver. *State v. Herron,* 136 S.W.3d 126, 128 (Mo. App. E.D.2004) (internal citations omitted).

1. Statutory references are to RSMo 2000 and the Cumulative Supplement 2006. Rule ref-

erences are to Missouri Rules of Criminal Procedure 2011.

Consequently, unless the defendant waives the right, any judgment rendered before the time for filing a motion for new trial has expired is "premature and void." *Id.* Where judgments are "premature and void," there is no judgment from which to appeal. *State v. Dean,* 5 S.W.3d 616, 617 (Mo.App. S.D.1999); *see also City of Sunset Hills v. Wymer,* 262 S.W.3d 293, 295 (Mo.App. E.D.2008). In such circumstances, we cannot resolve the judgment on its merits and are required to dismiss the appeal and remand the case to the trial court. *State v. Howe,* 171 S.W.3d 799, 801 (Mo.App. E.D.2005).

In *Herron,* the defendant was convicted after a bench trial. 136 S.W.3d at 127. The court entered judgment and sentenced the defendant on the same day that he was convicted. *Id.* at 128. The Eastern District held that it was without authority to hear the appeal: the judgment was premature and void because the defendant should have had the opportunity to move for a new trial, the defendant did not expressly waive his right, and the fifteen-day deadline had not elapsed. *Id.* at 128. Likewise, in *Dean,* the trial court sentenced the defendant on the day of his conviction. 5 S.W.3d at 617. The judgment was found to be premature and void because the defendant did not waive his right to move for a new trial, and fifteen days had not elapsed since the conviction. *Id.*

Mr. Besendorfer does not cite any case law supporting a contrary argument. He cites two cases, *Dean* and *State v. Goth,* 792 S.W.2d 437 (Mo.App. W.D.1990), and acknowledges that both dismissed appeals because the trial court had entered judgment without permitting the 15–day timeline to pass or for the defendant to exer-

cise or waive his right to move for a new trial.

 Here, at the time of sentencing, fifteen days had not elapsed and Mr. Besendorfer did not exercise or expressly waive his right. Consequently, the judgment is not final. Although Mr. Besendorfer asks us to accept his waiver on appeal, we have no authority to hear his case and must dismiss.[2]

### Conclusion

Therefore, Mr. Besendorfer's appeal is dismissed.

WELSH, C.J., and HULL, SP. J., concur.

---

**2.** In light of our dismissal of Mr. Besendorfer's appeal, we do not address his second point contesting the sufficiency of the evi-

dence. *See State v. Herron,* 136 S.W.3d 126, 128 (Mo.App. E.D.2004).