**STATE of Missouri, Plaintiff–Respondent,**

v.

**Victor Allen JACOBS, Defendant–Appellant.**

**No. SD 32107.**

Missouri Court of Appeals,
Southern District,
En Banc.

Sept. 13, 2013.

Margaret M. Johnston, Columbia, MO, for Appellant.

Andrew C. Hooper, Jefferson City, MO, for Respondent.

MARY W. SHEFFIELD, J.

Victor Allen Jacobs ("Defendant") appeals his conviction for one count of failing to register as a sex offender. *See* § 589.425.[1] He argues there was insufficient evidence to support his conviction. We disagree. Defendant's conviction and sentence are affirmed.

### Factual and Procedural Back2round

Defendant was convicted of rape in 2001. He registered as required when he was released from the Department of Corrections in September 2007. Defendant subsequently registered with Lisa Simmons, the Greene County Sex Offender Registrar ("Registrar"), on March 7, 2011.

On May 24, 2011, Defendant went to speak with Registrar. Defendant asked Registrar if he could reside at 666 South Jefferson in Springfield. Registrar told him he could not because the residence was too close to a school. Defendant "continued to beg [Registrar] to bend the rules for him because that was the only place that he could find that he could live." Registrar stated she could not bend the rules and Defendant could not live at the proposed address.

On July 7, 2011, Defendant updated his registration, listing his address as 805 East Dale Street in Springfield. Sometime after that, Registrar received a call from Defendant's probation officer which caused Registrar to become concerned that Defendant had not registered a new address. Registrar contacted Sergeant Judy Walker ("Sgt. Walker") of the Greene County Sheriff's Office. On August 9, 2011, Sgt. Walker interviewed Defendant. In that interview, Defendant admitted he had moved from the 805 East Dale address some two to two and a half months earlier. He also admitted he lied to Registrar about his address so he would have time to get a job and improve his situation. On August 10, 2011, Defendant completed a change of address registration. In that registration, he listed his new address as 666 South Jefferson Avenue, Apartment 5, in Springfield.

1. Unless otherwise indicated, all statutory references are to RSMo Cum.Supp. (2013).

Defendant was charged with one count of failing to register as a sex offender. He waived his right to a jury trial and was tried by the court on May 21, 2012. After the presentation of evidence, the trial court took the case under advisement.

The trial court made a docket entry on May 22, 2012, finding Defendant guilty as charged. On that same day, sentencing was set for June 1, 2012.

The parties appeared in court on June 1, 2012. After the parties presented argument to the trial court regarding the appropriate sentence, the trial court sentenced Defendant to four years in the Department of Corrections. Near the very end of the sentencing hearing and after the actual sentencing, Defendant's attorney asked to clarify a matter for the record. She stated, "I'm not filing a motion for new trial since this was a bench trial." This is the only discussion in the record regarding a motion for new trial. Defendant appeals.

### Discussion

Before we address the merits of Defendant's arguments on appeal, we feel compelled to address an issue regarding the potential invalidity of the judgment. *See State v. Griffin,* 202 S.W.3d 670, 674 (Mo. App.W.D.2006) ("this [C]ourt must examine its jurisdiction, *sua sponte.*"). In the present case, the trial court entered judgment before the 15–day time period for filing a motion for new trial had elapsed and before Defendant's waiver of the right to file a motion for new trial. There is a long line of cases holding that in such circumstances, the judgment is void and the appeal must be dismissed. *See, e.g., State v. Besendorfer,* 372 S.W.3d 914, 915 (Mo.App.W.D.2012); *City of Byrnes Mill v. Rice,* 136 S.W.3d 84, 85 (Mo.App.E.D. 2004); *State v. Goth,* 792 S.W.2d 437, 438 (Mo.App.W.D.1990); *State v. Wren,* 609

S.W.2d 480, 481 (Mo.App.W.D.1980). We believe the reasoning in those cases conflicts with our Supreme Court's decision in *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009).

To demonstrate this conflict, it is helpful to examine the reasoning behind the decisions dismissing appeals in criminal cases because the judgment had been entered prior to the expiration of the 15–day time period for filing a motion for new trial and without the defendant's express waiver of that right. The reasoning in *Besendorfer* is typical of the reasoning in such cases. *Compare Besendorfer,* 372 S.W.3d at 915; *with Rice,* 136 S.W.3d at 85; *Goth,* 792 S.W.2d at 438; and *Wren,* 609 S.W.2d at 481.

In *Besendorfer,* the defendant waived his right to a jury trial, and the trial court found him guilty of driving while intoxicated. 372 S.W.3d at 915. That same day, the trial court sentenced the defendant. *Id.* The record did not show the defendant waived the right to file a motion for new trial. *Id.* On appeal, the defendant actually requested the court to proceed to "address his appeal on the merits for the sake of judicial economy[,]" but the court refused. *Id.* The court's reasoning for that refusal began with Rule 29.11(c) which provides "[n]o judgment shall be rendered until the time for filing a motion for new trial has expired and if such motion is filed, until it has been determined." *Id.* (quoting Rule 29.11(c)). Then, citing *State v. Herron,* 136 S.W.3d 126 (Mo.App.E.D. 2004); *State v. Dean,* 5 S.W.3d 616 (Mo. App.S.D.1999); *City of Sunset Hills v. Wymer,* 262 S.W.3d 293 (Mo.App.E.D. 2008); and *State v. Howe,* 171 S.W.3d 799 (Mo.App.E.D.2005), the court concluded the judgment was premature and void. *Besendorfer,* 372 S.W.3d at 916. None of the cases cited in *Besendorfer* were decided after the Supreme Court of Missouri

handed down the *J.C.W.* decision. Furthermore, other cases decided in the years after the *J.C.W.* decision have implied, without analysis of *J.C.W.*, that the reasoning used to reach the result in *Besendorfer* is nevertheless correct. *See State v. Paul*, 401 S.W.3d 591, 592 (Mo.App.W.D.2013) (holding the judgment was not final because "the time for filing a motion for new trial had not yet expired . . . and the court had not yet imposed a sentence."); *State v. Franklin*, 307 S.W.3d 205, 206 (Mo.App. S.D.2010) (noting a prior appeal in the case had been dismissed based on the entry of judgment prior to the expiration of the 15–day time period). Thus, it appears no Missouri court has addressed whether it remains correct, after the *J.C.W.* decision, that a criminal judgment is "premature and void" when that judgment is entered before the time for filing a motion for new trial has expired and without the defendant's express waiver of the right to file a motion for new trial.

We begin by tracing the origin of the use of the phrase "premature and void" in this context. *Besendorfer* cites *Herron* for the proposition that "unless the defendant waives the right, any judgment rendered before the time for filing a motion for new trial has expired is 'premature and void.'" *Besendorfer*, 372 S.W.3d at 916. *Herron*, in turn, cites *State v. Hauser*, 101 S.W.3d 320 (Mo.App.E.D.2003), and *State v. Morrison*, 94 S.W.3d 448 (Mo.App.E.D.2003). *Herron*, 136 S.W.3d at 128. Both of those cases rely on *State v. Goth*, 792 S.W.2d 437 (Mo.App.W.D.1990). *Hauser*, 101 S.W.3d at 321; *Morrison*, 94 S.W.3d at 449. *Goth* relies on *Wren*, which relies on *State v. Summers*, 477 S.W.2d 721, 722 (Mo.App. St.L.D.1972); and *State v. Nichols*, 474 S.W.2d 54, 55 (Mo.App.K.C.D.1971).

It appears *Summers* and *Nichols* were the first cases to use the phrase "premature and void" in this context. In *Sum-*

*mers* the trial court sentenced the defendant before the defendant filed his motion for new trial. *Summers*, 477 S.W.2d at 722. The appellate court found the attempt to sentence the defendant at that time was "premature and void." *Id.* In support, it cited *State v. Jaeger*, 394 S.W.2d 347 (Mo.1965); *State v. Grimes*, 470 S.W.2d 4 (Mo.App.St.L.D.1971); and *State v. Ezell*, 470 S.W.2d 162 (Mo.App.St. L.D.1971). *Summers*, 477 S.W.2d at 722. The analysis in *Nichols* was similarly brief, but instead cited *State v. Grant*, 380 S.W.2d 799 (Mo.1964). But *Jaeger*, *Grimes*, *Ezell*, and *Grant* involved different factual situations, and none of those cases stated or held that a judgment was "premature and void" when the judgment was filed prior to the expiration of the time for filing a motion for new trial and without the defendant's express waiver of the right.

In *Jaeger*, the defendant was tried by a jury and found guilty of robbery. 394 S.W.2d at 353. After the verdict, the trial judge stated "robbery first degree by means of a dangerous and deadly weapon, fifteen years. That will be the judgment. *This is not the sentence at this time*, however." *Id.* The trial court then ordered a presentence investigation and granted additional time in which to file a motion for new trial. *Id.* At a subsequent proceeding, the trial court reviewed the presentence report and sentenced the defendant to 65 years. *Id.* The motion for new trial was still pending. *Id.* Some months later, the trial court overruled the motion for new trial, set aside the 65–year sentence, and imposed a sentence of 40 years. *Id.* at 353–54. The defendant appealed, arguing that the trial court had no power to do anything in the case after the announcement that the judgment was going to be 15 years. *Id.* at 354. Thus, the appellate court was faced with the issue of which of the three sentences was effective. The

appellate court found three facts to be compelling: (1) the trial court's statement during the first hearing that it was not sentencing the defendant at that time; (2) a motion for new trial remained pending; and (3) a presentence investigation remained pending. *Id.* From these facts, the appellate court reasoned "it is not proper to pronounce sentence before these matters have been disposed of." *Id.* Thus, *Jaeger* did not decide that a judgment was void where the sentence was entered prior to the expiration of the time for filing a motion for new trial. Rather, our Supreme Court found the trial court had not yet sentenced the defendant at that particular time.

In *Grant,* the movant in a post-conviction case challenged his conviction because the trial court purported to enter sentence on the same day the verdict was rendered. 380 S.W.2d at 801. The movant claimed this prevented him from filing a valid motion for new trial and preserving any errors for appeal. *Id.* at 803. The Supreme Court of Missouri disagreed, stating the judgment entered prior to the expiration of time for filing a motion for new trial "would be illegal and ineffective to obstruct the defendant's right to file a valid motion for new trial or to appeal from the ruling thereon and a judgment duly rendered." *Id.* That is, the court in *Grant* was not concerned with the validity of the judgment, but rather with the validity of the motion for new trial.

Reliance on *Grimes* and *Ezell* is also problematic because those cases involved defendants who desired to file motions for new trial. In *Grimes,* the trial court found the defendant guilty and announced a sentence. 470 S.W.2d at 4. The defendant thereafter filed a motion for new trial which was overruled. *Id.* No sentence was entered after the overruling of the motion for new trial. *Id.* On appeal, the court

dismissed the case, stating that the appeal, not the judgment, was premature. *Id.* The appellate court remanded the case for entry of a final judgment. *Id.* The situation in *Ezell* was identical. 470 S.W.2d at 162–63. That is, those cases are different from the present case, and cases like *Besendorfer,* as the defendant showed he did not intend to waive the right to file a motion for new trial by filing a motion for new trial. Here, after the entry of judgment, instead of filing a motion for new trial, Defendant indicated his decision to waive the right to file a motion for new trial by filing a notice of appeal.

Because *Jaeger, Grant, Grimes,* and *Ezell* dealt with different factual situations, none of those cases actually held that a criminal judgment was "premature and void" where it was entered prior to the expiration of the time for filing a motion for new trial and without the defendant's express waiver. That is, prior to *Summers* and *Nichols,* there was no authority for the proposition that a judgment entered before the expiration of the time for filing a motion for new trial was "premature and void." *Summers* and *Nichols* simply created the rule.

Even if the proposition were supported at the time those cases were decided, the reasoning that a judgment is void if it is entered without complying with Rule 29.11(c), is untenable after *J.C.W.* The concept of a void judgment is inextricably intertwined with the jurisdiction of the trial court to enter the judgment. *See State v. Kent,* 515 S.W.2d 457, 460 (Mo. banc 1974) ("if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable"); *see also Goins v. Goins,* 406 S.W.3d 886, 892 (Mo. banc 2013) (holding a judgment is void "only if the circuit court that rendered it (1) lacked subject matter jurisdiction; (2) lacked personal jurisdiction; or (3) en-

tered the judgment in a manner that violated due process."); *Wren*, 609 S.W.2d at 481 (dismissing the appeal for lack of appellate jurisdiction); *Nichols*, 474 S.W.2d at 55 (noting that the trial court retained jurisdiction to enter a final judgment after the expiration of the time for filing a motion for new trial); Black's Law Dictionary 861 (8th ed. 2004) ("One source of a void judgment is the lack of subject-matter jurisdiction."). Thus, when faced with the issue of whether a judgment is void when the trial court sentenced the defendant and entered judgment prior to the expiration of the time for filing a motion for new trial and without the defendant's express waiver, the issue should be phrased as whether the trial court had jurisdiction to sentence the defendant and enter judgment prior to the expiration of the 15–day time period for filing a motion for new trial and without the defendant's express waiver. *J.C.W.* instructs that any error in the failure to follow a procedural rule does not affect the trial court's jurisdiction.

In *J.C.W.*, the Supreme Court of Missouri held there are only two types of subject matter jurisdiction in Missouri: civil and criminal. *Id.* at 253–54. That is, if the case is a civil case or a criminal case, the circuit court has subject matter jurisdiction. *Id.* The Court went on to state that, "[w]hen a statute speaks in jurisdictional terms or can be read in such terms, it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." *Id.* at 255. Complaints about such errors may be waived merely by failure to object. *See Schmidt v. State*, 292 S.W.3d 574, 577 (Mo.App.S.D.2009) (holding that a guilty plea waived a UMDDL complaint); *State v. Pride*, 1 S.W.3d 494, 509 (Mo.App.W.D. 1999) (holding the defendant waived his challenge to admissibility of evidence when he did not object to the evidence at trial).

■ The present case was a criminal case, so the circuit court clearly had subject matter jurisdiction. Defendant was present in court and represented by counsel throughout the proceedings, so the circuit court had personal jurisdiction over him and the judgment was not inconsistent with the dictates of due process. Under such circumstances, the judgment was not void. Rather, the trial court merely committed error in entering judgment prior to the expiration of the 15–day time period for filing a motion for new trial. Contrary to the holding in *Besendorfer*, 372 S.W.3d at 915, that error can be waived without an express statement by the defendant. *See Pride*, 1 S.W.3d at 509 (holding the defendant waived his challenge to admissibility of evidence when he did not object to the evidence at trial).

■ Furthermore, the record shows that to the extent such error occurred, it was waived as neither Defendant nor his attorney objected when the trial court sought to enter judgment without waiting for the expiration of the 15–day time period. Under such circumstances, any error regarding the timing of the trial court's judgment has been waived. Thus, we conclude that despite the holding in *Besendorfer* and the cases upon which it relies, the judgment was not void, and we have appellate jurisdiction to address Defendant's claim on the merits.[2]

---

2. In the absence of a waiver, *i.e.*, if we were considering this situation under circumstances where the defendant claimed the timing of sentencing resulted in error, we would also need to determine whether the premature sentencing caused prejudice to the defendant. *See State v. Johnson*, 207 S.W.3d 24, 34 (Mo. banc 2006) (review on direct appeal is for prejudice, not mere error); *State v. Anthony*, 319 S.W.3d 524, 529 (Mo.App.S.D.2010) (same). Here, however, that is not at issue.

■ In his sole point on appeal, Defendant claims there was insufficient evidence to support his conviction because he reported his change of address in May 2011 and Registrar simply refused to register it. His argument continues, stating Registrar's advice "led him to report an incorrect address in July, because he knew the Registrar would not accept his address[.]" This argument is without merit because it ignores our standard of review.

"The standard of review on sufficiency of the evidence claims is whether the evidence was sufficient for a reasonable fact-finder to find each element of the crime beyond a reasonable doubt." *State v. Kelly*, 367 S.W.3d 629, 630 (Mo.App.E.D. 2012). "We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict and disregard all contrary evidence and inferences." *State v. Younger*, 386 S.W.3d 848, 851 (Mo.App.W.D.2012). "A defendant's constitutional right to due process is violated if a criminal conviction is entered upon evidence that is insufficient to establish guilt beyond a reasonable doubt as to each of the essential elements of a charged offense." *Id.* at 852.

Thus, we begin our analysis by examining the elements of the crime of failing to register as a sex offender. "A person commits the crime of failing to register as a sex offender when the person is required to register under sections 589.400 to 589.425 and fails to comply with any requirement of sections 589.400 to 589.425." § 589.425. Section 589.414 requires, among other things, that a person to whom the statute applies inform the chief law enforcement officer of the county in which he resides of each change of address within three days of the change. § 589.414.1. *See also Younger*, 386 S.W.3d at 853. The mental state associated with each of the elements of this offense is knowingly.

*Younger*, 386 S.W.3d at 852. Consequently, the prosecution in the present case was required to prove (1) Defendant was required to register under Sections 589.400 to 589.425; (2) Defendant changed his residence; (3) Defendant did not inform Registrar of the change within three days of the change; and (4) Defendant acted knowingly. *See id.*

At trial, the prosecutor introduced a certified copy of the records from Defendant's 2001 conviction for rape. Rape is an offense under chapter 566, *see* § 566.030, and triggers the registration requirement. § 589.400.1(1). Thus, there was sufficient evidence to support the trial court's finding that Defendant was required to register under Sections 589.400 to 589.425.

The second element is whether Defendant changed his residence. In his interview with Sgt. Walker on August 9, 2011, Defendant admitted he had moved from the East Dale address two to two and a half months earlier. This information showed Defendant changed his residence and is sufficient to support a finding of the second element of the offense.

Next, the State was required to prove Defendant failed to inform Registrar of the change of address within three days. Again, proof of this element is in the August 9 interview. In that interview, Defendant said he changed his address two to two and a half months earlier. That means Defendant changed his address sometime before June 9. Defendant did not complete his change of address registration until August 10, 2011. This evidence was sufficient evidence from which a reasonable fact-finder could infer Defendant did not notify Registrar of his change of address within three days of the change.

Finally, the State had to prove Defendant acted knowingly. A person "acts knowingly ... when he is aware of the nature of his conduct[.]" *Younger*, 386

S.W.3d at 858 (quoting § 562.021.3). Knowing failure to register may be inferred from facts showing the offender's history of past compliance with the registration requirements. *See id.* Here, the State introduced evidence showing Defendant had registered upon his release from the Department of Corrections and upon his move to Greene County. In the August 9 interview, Defendant stated he had been compliant with the registration requirement for ten years. Defendant also stated he knew he was required to inform Registrar of his change of address within three days of the change. Furthermore, Defendant admitted he lied to Registrar about his address. A defendant's attempts to conceal the crime can be used to infer consciousness of guilt. *See State v. Perry,* 275 S.W.3d 237, 249 (Mo. banc 2009) ("The jury reasonably could have found that his attempted explanation [was] false and that the false story showed consciousness of guilt rather than innocence."); *State v. Cole,* 384 S.W.3d 318, 328 (Mo.App.S.D. 2012) ("false exculpatory statements show 'a consciousness of guilt'") (quoting *State v. Rodden,* 728 S.W.2d 212, 219 (Mo. banc 1987)). Defendant's history of compliance with the registration requirements, his failure to report his change of address within three days, and his false statements about his address are sufficient evidence from which the trier of fact could infer Defendant acted knowingly.

Defendant's primary argument in support of his conclusion that the evidence was insufficient is in the nature of an affirmative defense. He claims his encounter with Registrar in May 2011 absolved him from complying with the statute because he "did report that he would be moving to the residence ... on May 24, 2011." This argument overlooks the exact nature of Registrar's testimony. Registrar stated Defendant "*inquired* if he could reside at 666, I believe it's South Jefferson." (emphasis added). The inference favorable to the verdict that arises from that testimony is that Defendant *asked* if the address was appropriate. The assertion that the May encounter included Defendant completing a change of residence registration which Registrar then refused is contrary to the verdict and must be disregarded. *See Younger,* 386 S.W.3d at 851. In fact, when Defendant went to the office in July to complete his semi-annual update, he affirmatively lied about his address. That fact further supports the inference, favorable to the trial court's ruling, that Defendant did not report his change of address in May 2011. When the testimony is viewed in the light most favorable to the verdict, the conversation on May 24, 2011, did not satisfy Defendant's obligations under the statute.

There was sufficient evidence to support each element of the offense. Defendant's sole point is denied.

### Decision

The trial court's judgment is affirmed.

WILLIAM W. FRANCIS, JR., C.J., NANCY STEFFEN RAHMEYER, JEFFREY W. BATES, GARY W. LYNCH, DANIEL E. SCOTT, and DON E. BURRELL, JJ., concur.