**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Fred Lee CLEMMONS, Defendant-Appellant.**

**No. 52317.**

Supreme Court of Missouri, Division No. 1.

June 12, 1967.

Motion for Rehearing or to Modify Opinion or to Transfer to Court en Banc

Denied July 10, 1967.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

William R. Hirsch, Clayton, for appellant.

WELBORN, Commissioner.

The notice of appeal in this case describes the appeal as one "from the Judgments, Verdicts and Sentencing of June 10, 1966, as later amended, in the above [four separate] causes; from order denying Motion for Adducement of Additional Testimony and Motion to Withdraw Guilty Plea in Cause 1396–M on June 10, 1966; from order overruling Motion of Defendant to Vacate and Set Aside Judgment and Sentence, Dismissal of Indictments and Retrial, Etc., entered in this action on June 20, 1966." The question immediately arises whether or not a single appeal may properly be taken from such a multiplicity of judgments and orders.

Fred Lee Clemmons was charged, by two separate indictments filed September 29, 1964, in the St. Louis Circuit Court, with stealing over $50.00 by means of deceit. On March 23, 1965, a third indictment was filed, charging Clemmons with "obtaining money by false pretenses" and on October 20, 1965, a fourth indictment was filed, charging him with stealing an automobile. All charges apparently arose from Clemmons' operation of a used car business.

Clemmons was arraigned on the first two indictments numbered 1396–M and 1397–M and pleaded not guilty. On April 27, 1965, he appeared, accompanied by his attorney, and withdrew his plea of not guilty in No. 1396–M and entered a plea of guilty. Sentencing was deferred until June 14, 1965, and a "pre-sentence investigation ordered." From the remarks of the trial judge at subsequent proceedings recorded in the transcript here, it appears that the court was attempting to allow the defendant to make restitution. Sentencing was further deferred and had not been imposed when the fourth indictment was filed in October, 1965.

On October 14, 1965, cases numbered 1397–M and 565–N (the third indictment) were set for "jury waived trial" on October 19, 1965, "as per memo filed, signed by James E. Darst, Assistant Circuit Attorney, and Morris M. Hatchett, attorney for the defendant."

After a further continuance, cases numbered 1397–M, 565–N and 2097–N (the fourth indictment) were heard on November 5, 1965, as "jury waived trials." On November 12, 1965, the trial judge entered findings of guilt in all three cases and indicated that a sentence of three years' imprisonment would be imposed in each case. The transcript on appeal shows that sentencing in the three cases was set for December 3, 1965. However, there were apparently continued moves to enable defend-

ant to make restitution and the next entry, as shown by the transcript here, was June 10, 1966. At that time, Morris M. Hatchett withdrew as attorney for defendant and William Hirsch entered his appearance in such capacity and filed, on behalf of the defendant, a "MOTION OF DEFENDANT FOR ADDUCEMENT OF ADDITIONAL TESTIMONY, PRESENTATION OF FURTHER EVIDENCE, OR, ALTERNATIVELY, FOR TRIAL OF THE WITHIN CAUSES BY JURY." Also filed on behalf of defendant was a "MOTION TO EXTEND OR ENLARGE TIME FOR FILING NEW TRIAL MOTION." Both motions were overruled and the court proceeded to sentence the defendant in all four cases.

In Number 1396–M, in which the guilty plea had previously been made, the sentence imposed was three years. Upon the judge's announcement of the sentence, defendant's attorney stated that the defendant decided to withdraw the plea, but the court refused to permit him to do so. Three-year sentences were imposed in each of the other three cases, to run consecutively.

On June 16, 1966, a motion was filed on behalf of defendant, captioned: "MOTION OF DEFENDANT TO VACATE AND SET ASIDE JUDGMENT AND SENTENCE, FOR DISMISSAL OF INDICTMENT, RE-TRIAL AND OTHER RELIEF."

The motion attacked the findings of guilt in the three court-tried cases on the grounds that the defendant was not present when the court, on November 12, 1965, made its memoranda findings of guilt; that the waiver of jury trial did not comply with Criminal Rule 26.01(b), V.A.M.R.; that the court failed to make findings of fact and declarations of law, required by Criminal Rule 26.01(c), V.A.M.R.; that sentencing was unreasonably delayed; that the court's findings were not entered on the court minutes. The motion also attacked the court's refusal to permit withdrawal

of the plea of guilty in Cause No. 1396–M, the sufficiency of the indictment in each of the three other cases, on various, separate grounds, and, finally, the court's refusal to permit additional testimony to be adduced pertaining to the appellant's guilt.

A hearing on the motion was held on June 17, 1966. Appellant was removed to the penitentiary early on that morning and was not present at the hearing. Some testimony was presented regarding the content and availability of the court records. The court refused to permit the appellant's wife to testify to matters going to the guilt of the appellant. On June 20, 1966, the appellant's motion was overruled and this appeal followed.

In his brief here, appellant attacks the sufficiency of the indictment in all four cases; the sufficiency of the appellant's waiver of right to jury trial in the three court-tried cases; the lack of findings of fact and declarations of law in such cases; the absence of the appellant upon the entry of the court's memoranda; the unreasonable delay in imposing sentence; alleged changes in sentencing by an amendment of the court's June 10th sentence; the absence of an effective right of allocution at the June 10th sentencing; the refusal of the request for withdrawal of the guilty plea. The brief also attacks the denial of the right of the appellant to be present at the "evidentiary hearing held pursuant to 27.26 motion." Finally, appellant contends that "[t]otality of procedural errors and violations of Court Rules affecting substantial rights of incarcerated defendant, compels remand for re-newed entry of verdicts, sentencing and allocution, as well as hearing of such new trial motions as may be filed, so that the substance of evidence adduced can be examined and determination made of proof established to support sentence."

■ The state has not questioned the efficacy of the appellant's notice of appeal. However, since an adequate notice of appeal is a prerequisite to our exercise

of jurisdiction, we examine the matter sua sponte.

"[A]s a general rule, separate and distinct judgments of conviction cannot be brought up for appellate review by one writ of error, and the same rule applies with respect to appellate review by one appeal. * * *

"It is improper to combine in one appeal proceedings to review denial of motion to dismiss several indictments against the same person, where no order for consolidation has been made. Also, accused is not entitled to consolidate an appeal from a judgment of conviction and an appeal from a denial of a petition for a writ of error coram nobis. It has been held that accused may not in one bill of exceptions bring up for review by writ of error a ruling denying accused's single motion to withdraw pleas of guilty to several separate charges, and that a writ of error will not lie to review a judgment overruling a single motion for a new trial and to set aside verdicts and judgments of conviction on separate indictments for separate offenses against the same person." 24 C.J.S. Criminal Law § 1635, pp. 974–975.

"The right of a defendant in a criminal action, tried at the same time on separate charges or indictments, to review several convictions on a single appeal has been uniformly denied by the courts." Ann. "Right to appellate review, on single appellate proceeding, of separate actions consolidated for trial together in lower court." 36 A.L.R.2d 823, § 10 [a], 839–840.

 Here the appellant would combine in this single proceeding direct appeals from four separate judgments (none of which appear in the transcript, only the oral sentencing being shown). Appellant also would apparently consider his post-sentencing motions as motions under Criminal Rule 27.26, V.A.M.R., and combine also the denial of relief under that rule with his direct appeals.

In our opinion, such procedure finds no basis in the rules providing appellate review and the general rules, above enunciated, apply and require the dismissal of this appeal.

Appeal dismissed.

HOUSER and HIGGINS, CC., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.