**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Dorothy L. RAMOS,
Defendant–Appellant.**

No. 15709.

Missouri Court of Appeals,
Southern District,
Division Two.

June 1, 1988.

Terry Lynn Brown, Pros. Atty., Charleston, for plaintiff-respondent.

George W. Gilmore, Jr., Sikeston, for defendant-appellant.

PER CURIAM:

On April 7, 1988, apparently without benefit of counsel, appellant Dorothy Ramos was tried by the court, found guilty of Count I, Driving While Intoxicated, and not guilty of Count II, No Operator's License. On the same day Ms. Ramos was fined $500.00, sentenced to 30 days in jail and placed on non-supervised probation for one year. On April 15, 1988, appellant's attorney filed a timely motion for new trial and notice of appeal to this court. There is no showing that the trial judge ruled on appellant's motion for new trial.

Rule 29.11(c) states: "No judgment shall be rendered until the time for filing a motion for new trial has expired and if such motion is filed, until it has been determined." Judicial decisions follow that rule. The trial court may not impose sentence and enter judgment until the time allowed for the filing of a motion for new trial has expired. *State v. Palmer*, 556 S.W.2d 513 (Mo.App.1977). A criminal defendant must be afforded the opportunity to file a motion

for new trial before judgment is rendered and sentence imposed, and the record should indicate, either by lapse of time or express waiver, that the defendant has been given the chance to file such a motion. *State v. Collins*, 580 S.W.2d 320 (Mo.App. 1979).

Attempted sentencing made prior to the filing and ruling on the motion for new trial is premature and void. *State v. Summers*, 477 S.W.2d 721 (Mo.App.1972). Where no final judgment is rendered against defendant, there is nothing from which to appeal. *State v. Chase*, 415 S.W.2d 731 (Mo.1967). This court should not, indeed cannot resolve an appeal on the merits while ignoring the want of a final judgment from which to appeal. *State v. Collins*, supra.

The record does not indicate that appellant made an express waiver of her right to file a motion for new trial. To the contrary, a motion for new trial was filed by her attorney but never ruled upon by the trial judge. The attempted sentencing and judgment is premature and void.

The appeal is dismissed and the cause remanded to the Circuit Court of Mississippi County with directions to rule upon the motion for new trial, and if denied, to thereafter sentence defendant. Defendant will then have the right to appeal and may present her case to this court for review.

All concur.