**STATE of Missouri, Respondent,**

v.

**Orville BURKEMPER, Bonnie Chapman, John Bequette, Laura Dunn, Diane Stone, Ann O'Brien, Richard Chrismer, Vincent Arentsen, Father Edwin Arentsen, and Carol Armstrong, Defendants/Appellants.**

No. 61155.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 11, 1993.

Kevin Leahy, St. Louis, for defendants/appellants.

Robert P. McCulloch, Pros. Atty., Margaret D. Landolt, Asst. Pros. Atty., Clayton, for respondent.

Before GARY M. GAERTNER, P.J., and SMITH and STEPHAN, JJ.

PER CURIAM.

Appellants, Orville Burkemper, Bonnie Chapman, John Bequette, Laura Dunn, Diane Stone, Ann O'Brien, Richard Chrismer, Vincent Arentsen, Father Edwin Arentsen, and Carol Armstrong, appeal from a verdict in a consolidated court-tried case finding each of them guilty of trespass in the first degree, RSMo § 569.140, a Class B misdemeanor, for which each defendant was sentenced to a term of imprisonment of 90 days and a fine of $500.00. We dismiss the appeal and remand to the trial court for a ruling on appellants' motion for a new trial.

Testimony at trial established that on March 4, 1991, Christine Erwin, an employee of the Woman's Health Center in West County, observed a tan van pull up to the entrance of the building. As she watched, several individuals exited the van and made their way toward the building. Ms. Erwin moved back through the office just in time to see one of the male occupants of the van crawl through a window and into the waiting room. He then entered an area of the office not open to the general public to unlock and open a security door. Ms. Erwin and another Health Center employee attempted to block the doorway to prevent other appellants from entering through the security door, but they were unsuccessful.

Ms. Erwin testified that she asked appellants several times to leave the premises. When her requests went unheeded, Erwin then called the police. Two St. Louis County Police Officers, Officers Jimmy McCormack and Carey Wisdom, responded to the call. Once they arrived on the scene and found that trespassers were present, the officers contacted Lieutenant Norvil Benoist, the Watch Commander. Procedurally, upon notification that trespassers were at a clinic, it was the supervisor's responsibility to proceed to the scene and ask the trespassers to leave. On this occasion, when appellants failed to respond to Lieutenant Benoist's request, appellants were placed under arrest.

The cases against the ten defendants were consolidated for trial. The State pre-

sented evidence on October 10, 1991. At the close of State's evidence, the defendants moved for acquittal. The motion was denied, and on October 11, 1991, defendants were found guilty of trespass in the first degree. On October 17, 1991, each of the ten defendants was sentenced to 90 days' imprisonment and a $500.00 fine. This appeal ensued.

Appellants raise several points on appeal, only one of which we need address. Appellants suggest the court erred by rendering judgment before the time for filing a motion for new trial had expired and before appellants' motion for new trial had been determined. The State concedes.

The verdict was entered against appellants on October 11, 1991. A sentencing hearing was held on October 17, 1991. At that time, attorney for appellants requested that the court defer sentencing until appellants had had the opportunity to file their motions for a new trial. The State suggested the court proceed with sentencing. The court agreed and passed sentence, although the time for filing a motion for new trial had not yet expired. *See,* Rule 29.11(b).

Rule 29.11(c) states in pertinent part that "[n]o judgment shall be rendered until the time for filing a motion for new trial has expired and if such motion is filed, until it has been determined." Thus, sentencing made prior to the filing and ruling on a timely motion for new trial is premature and void. *State v. Ramos,* 751 S.W.2d 135, 136 (Mo.App., S.D.1988); *State v. Goth,* 792 S.W.2d 437, 438 (Mo.App., W.D. 1990). Where there is no final judgment against a party, there is nothing from which to appeal. *Id.* The case must be remanded to the trial court for the purpose of ruling upon appellants' motion for new trial. If the motion is denied and sentence thereafter entered, appellants may then proceed with an appeal to this court.

Appeal dismissed and cause remanded for a ruling on appellants' motion for a new trial.