STATE of Missouri, Plaintiff/Respondent,

v.

Paul BRADEN, Defendant/Appellant.

No. 63125.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 19, 1993.

Stephen H. Gilmore, Clayton, for defendant/appellant.

Robert P. McCulloch, Pros. Atty., Steven MacDonnell, Asst. Pros. Atty., St. Louis County, Clayton, for plaintiff/respondent.

REINHARD, Judge.

Defendant appeals his conviction, in a court-tried case, of driving while intoxicated, § 577.010, RSMo 1986.[1] The court sentenced defendant to thirty (30) days confinement in the St. Louis County jail and a fine of three hundred dollars ($300.00). We conclude we are without jurisdiction over this appeal and dismiss.

The evidence reveals that on May 19, 1991, Officer Timothy Jones of the Jennings Police Department was summoned to the scene of a two-car accident at the intersection of Jennings Station Road and Hord Avenue in St. Louis County. Officer Jones found the occupants of the two vehicles, including defendant, in a nearby gas station parking lot. While questioning defendant, Officer Jones noted the smell of alcohol on defendant's breath. Defendant failed several field sobriety tests. Consequently, defendant was arrested and read his Missouri Implied Consent rights. Defendant submitted to a breathalyzer test.

At trial, the court rendered a verdict and pronounced sentence immediately following the presentation of the evidence.

Defendant's principal point on appeal alleges the trial court erred by pronouncing sentence without affording defendant the opportunity to make a motion for a new trial. We agree.

Rule 29.11(c) provides (in relevant part):

No judgment shall be rendered until the time for filing a motion for new trial has expired and if such motion is filed, until it has been determined.

A motion for new trial shall be filed within fifteen days after the rendering of a verdict. Rule 29.11(b). The right to file a motion for a new trial is valuable, and may not be denied unless it is expressly waived, even in court-tried cases. *State v. Collins,* 580 S.W.2d 320, 321 (Mo.App.1979).

The judgment and sentence rendered by the trial court before the period for filing a motion for new trial expired was premature and void. *State v. Goth,* 792 S.W.2d 437, 438 (Mo.App.1990). Consequently, there is no final judgment by the trial court from which defendant can appeal. *Id.* Therefore, we are without jurisdiction to hear this appeal. *Id.* The State agrees.

We dismiss defendant's appeal and direct the trial court to provide defendant an opportunity to file a motion for new trial or expressly waive his right to file a motion for new trial pursuant to Rule 29.11(b), (c). Appeal dismissed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Defendant was also charged by information with operating a motor vehicle with improper plates, § 301.320, RSMo 1986. The State entered an order of *nolle prosequi* on this charge.