### STATE of Missouri, Plaintiff–Respondent,

v.

### Loretta WILSON, Defendant–Appellant.

No. 23202.

Missouri Court of Appeals,
Southern District,
Division Two.

April 11, 2000.

No appearance for Plaintiff–Respondent.

Christopher M. Nielson, Springfield, for Defendant–Appellant.

KERRY L. MONTGOMERY, Presiding Judge.

On July 26, 1999, Loretta Wilson (Defendant) was tried by the court without a jury for misdemeanor stealing in violation of § 570.030, RSMo 1994. After hearing the evidence, the trial court entered a formal judgment on the date of trial finding Defendant guilty as charged. The judgment recited that sentencing was set for August 9, 1999. On that date, the trial court sentenced Defendant to five days in jail.

Where a prerequisite to appellate court jurisdiction is not met, the appellate court must raise the issue sua sponte. *See State v. Clemmons*, 416 S.W.2d 68, 70–71 (Mo.1967). Because we lack jurisdiction in this case, the appeal must be dismissed.

Under Rule 29.11(b) and (e),[1] Defendant had the right to file a motion for new trial within fifteen days after the trial court found her guilty. Rule 29.11(c) provides that "[n]o judgment shall be rendered until the time for filing a motion for new trial has expired."

"The right to file a motion for a new trial is valuable, and may not be denied unless it is expressly waived, even in

court-tried cases." *State v. Braden*, 864 S.W.2d 8, 9 (Mo.App.1993). Here, the record does not show that Defendant filed a motion for new trial or waived the right to do so. Even so, the trial court entered judgment and sentenced Defendant before the expiration of fifteen days after July 26, 1999.

Missouri courts have repeatedly held that in such circumstances, any purported judgment and sentence is premature and void; consequently, there is no judgment from which to appeal. *Braden*, 864 S.W.2d at 9; *State v. DeGraffenreid*, 855 S.W.2d 450, 451 (Mo.App.1993); *State v. Dieter*, 840 S.W.2d 887 (Mo.App.1992); *State v. Goth*, 792 S.W.2d 437, 438 (Mo.App.1990); *State v. Wren*, 609 S.W.2d 480, 481 (Mo. App.1980). Therefore, this Court is without jurisdiction to hear this appeal. *Braden*, 864 S.W.2d at 9.

In conformity with the procedure spelled out by this Court in *DeGraffenreid* and *Dieter*, we dismiss the appeal and remand the case to the trial court with directions to grant Defendant the opportunity to file a motion for new trial or to waive her right to do so. If the right is waived expressly or by passage of time, or if a motion for new trial is filed and denied, the trial court may thereafter sentence Defendant. She will then have the right to appeal.

PREWITT, J., and BARNEY, J., concur.

---

1. Rule references are to Missouri Court Rules (1999).