**STATE of Missouri, Respondent,**

v.

**Perry FREZZELL, Appellant.**

**No. ED 79262.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 22, 2002.

Nancy A. McKerrow, Asst. Public Defender, Columbia, MO, attorney for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

MARY K. HOFF, Judge.

Perry Frezzell (Defendant) appeals from the trial court's judgment and sentence entered after a jury verdict finding him guilty of assault in the third degree in violation of Section 565.070 RSMo 1994, and knowingly committing violence to an employee of the department of corrections in violation of Section 217.385 RSMo Cum. Supp.1997. The trial court sentenced Defendant, as a prior offender, to fifteen days in the county jail and six years in the department of corrections. We dismiss the appeal and remand to the trial court for a ruling on Defendant's motion for a new trial.

On July 2, 1998, Defendant was an inmate in the custody of the Department of Corrections at Potosi Correctional Center (Potosi). Two corrections officers were distributing food trays at Potosi. The food trays were put through a food port located in the door of each cell. When they arrived at Defendant's cell, Defendant put his arm out of the food port and threw one half of his tray out the port, striking one officer in the abdomen. The other officer then reached down to close the food port and as he did so was struck in the arm and shoulder area with the other half of Defendant's tray. The officer sprayed pepper spray into Defendant's cell and closed the food port. Neither officer was injured.

On August 10, 1999, an investigator for the Department of Corrections spoke with Defendant about the incident. Defendant admitted throwing the tray at the officers and said it was in retaliation against one of the officers who had allegedly, during numerous patdown searches of Defendant, allowed his hands to linger on Defendant's buttocks.

At trial, Defendant declined to take the stand and presented no other witnesses. On January 25, 2001, at the close of the evidence, the jury found Defendant guilty of third degree assault as to one officer and guilty of committing violence against an employee of a correction center as to the other officer.

Defendant was granted 25 days to file a motion for new trial. On February 14, 2001, Defendant filed his motion for new trial. The trial court never ruled on the motion for new trial, but on March 9, 2001, the trial court, having previously found Defendant to be a prior offender, sentenced Defendant to a term of 15 days in the county jail for the third degree assault and to six years in the department of corrections for committing violence against an employee of the department of corrections, with said sentences to run concurrently to each other, but consecutively to other prison sentences that Defendant was currently serving.

Defendant raises two points on appeal, only one of which we need to address. Defendant alleges the trial court erred by entering judgment and sentence before Defendant's motion for new trial had been determined. The State concedes this error.

Rule 29.11(c) states in pertinent part that "[n]o judgment shall be rendered until the time for filing a motion for new trial has expired and if such motion is filed, until it has been determined." Further, Rule 29.11(g) allows that "[i]f the motion for new trial is not passed on within ninety days after the motion is filed, it is denied for all purposes."

Sentencing made prior to the filing and ruling on a timely motion for new trial is premature and void. *State v. Burkemper*, 853 S.W.2d 416, 417 (Mo.App. E.D. 1993). "Where no final judgment is rendered against defendant, there is nothing from which to appeal." *State v. Ramos*, 751 S.W.2d 135, 136 (Mo.App. S.D.1988). This Court "cannot resolve an appeal on the merits while ignoring the want of a final judgment from which to appeal." *Id.*

In the case at bar, Defendant filed his motion for new trial on February 14, 2001. Nothing in the record indicates it was ever ruled on. On March 9, 2001, the trial court sentenced Defendant. The attempted sentencing and judgment occurred only twenty-three days after the motion for new trial was filed. Therefore, as the motion for new trial had not been determined nor had the ninety days passed, the purported judgment and sentence is premature and void. The case must be remanded to the trial court for the purpose of ruling upon Defendant's motion for new trial. If the motion is denied and sentence thereafter entered, Defendant may then proceed with an appeal to this Court.

Appeal dismissed and cause remanded for a ruling on Defendant's motion for new trial.

GEORGE W. DRAPER III, P.J., and MARY R. RUSSELL, J., Concur.