**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Craig J. MORRISON,
Defendant/Appellant.**

**No. ED 81990.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 21, 2003.

Craig J. Morrison, St. Louis, pro se.

Thomas A. Dittmeier, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

On July 29, 2002, the trial court found the defendant Craig J. Morrison guilty of driving while revoked. That same day, the trial court entered judgment against the defendant and sentenced him to six months in the St. Louis County Department of Justice Services. The court suspended execution of the sentence and placed the defendant on probation for two years. The defendant now appeals from the judgment and sentence. Because we find the judgment was void, we dismiss the defendant's appeal.

The defendant had a right to file a motion for new trial within fifteen days after the trial court found him guilty. Rule 29.11(b) & (e). No judgment can be rendered until the time for filing the motion for new trial has expired. Rule 29.11(c). The right to file a motion for new trial is a valuable right and cannot be denied unless expressly waived, even in court-tried cases. *State v. Braden*, 864 S.W.2d 8, 9 (Mo.App. E.D.1993). Any judgment and sentence rendered by the trial court before the period for filing the

motion for new trial expired is premature and void. *Id.*

▮ Here, the trial court sentenced the defendant on the same day he was found guilty, before the time period for filing the motion for new trial expired. The defendant did not expressly waive his right to file a motion for new trial either. Indeed, the defendant filed a timely motion to set aside the verdict on August 9, 2002. The judgment and sentence rendered by the court is void and there is no final judgment from which the defendant can appeal. *State v. Goth,* 792 S.W.2d 437, 438 (Mo. App. W.D.1990).

▮ We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson,* 15 S.W.3d 71, 72 (Mo.App. S.D.2000). We issued an order directing the parties to show cause why this appeal should not be dismissed. Neither party filed a response to our order.

We dismiss the defendant's appeal and remand the cause so that the trial court may sentence the defendant in accordance with Rule 29. Appeal dismissed.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.