**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Gerald W. HAUSER, Jr.,**
**Defendant/Appellant.**

**No. ED 81146.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 25, 2003.

Gerald Hauser, St. Peters, pro se.

John C. Bauer, St. Charles, MO, for respondent.

LAWRENCE E. MOONEY, Chief Judge.

On January 31, 2002, the trial court found the defendant Gerald Hauser, Jr., guilty of driving while intoxicated. That same day, the trial court entered judgment against the defendant and sentenced him to six months in the St. Charles County Detention Center. The court suspended execution of the sentence and placed the defendant on probation for two years. The defendant now appeals from the judgment and sentence. Because we find the judgment was void, we dismiss the defendant's appeal.

The defendant had a right to file a motion for new trial within fifteen days after the trial court found him guilty. Rule 29.11(b) & (e). No judgment can be rendered until the time for filing the motion for new trial has expired. Rule 29.11(c). The right to file a motion for new trial is a valuable right and cannot be denied unless expressly waived, even in court-tried cases. *State v. Braden*, 864 S.W.2d 8, 9 (Mo.App. E.D.1993). Any judgment and sentence rendered by the trial court before the period for filing the motion for new trial expired is premature and void. *Id.*

Here, the trial court sentenced the defendant before his time period for filing the motion for new trial expired. The defendant did not expressly waive his right to file a motion for new trial either. As a result, the judgment and sentence rendered by the court is void and there is no final judgment from which the defendant can appeal. *State v. Goth*, 792 S.W.2d 437, 438 (Mo.App. W.D.1990).

We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson*, 15 S.W.3d 71, 72 (Mo.App. S.D.2000). We issued an order directing the parties to show cause why this appeal should not be dismissed. Both parties concede that we have no jurisdiction and ask that the appeal be dismissed.

In accordance with the procedure enunciated in *Wilson*, the appeal is dismissed and remanded to the trial court to grant the defendant the opportunity to file a motion for new trial or to waive his right to do so. If the right is waived expressly or by passage of time, or if a motion for new trial is filed and denied, the trial court may thereafter sentence the defendant and he will then have the right to appeal.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., concur.