STATE of Missouri, Plaintiff/Respondent,

v.

Ronald E. RANDOLPH, Defendant/Appellant.

No. ED 82659.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 14, 2003.

1. All statutory references are to RSMo. (2000), unless otherwise indicated.

**SHERRI B. SULLIVAN, C.J.**

Ronald E. Randolph (Defendant) appeals from a judgment of conviction of first-degree trespass, a class B misdemeanor in violation of Section 569.140.[1] The trial court entered its judgment on February 3, 2003. That same day, the trial court ordered Defendant to pay a fine of twenty-five dollars. On February 13, 2003, Defendant filed a timely motion for new trial. Although a February 25, 2003 docket entry indicates that the motion was set for hearing on March 25, 2003, nothing in the record shows that the trial court ever ruled on the motion. On March 14, 2003, Defendant filed a notice of appeal from the February 3, 2003 judgment. Subsequently, this Court issued on Order to Show Cause directing Defendant and the State to show why the judgment and sentence should not be declared void and the appeal should not be dismissed for lack of a final, appealable judgment. Neither party filed a response to the order.

Rule 29.11(c)[2] provides in pertinent part that "[n]o judgment shall be rendered until the time for filing a motion for new trial has expired and if such motion is filed, until it has been determined." Further, Rule 29.11(g) provides in pertinent part that "[i]f the motion for new trial is not passed on within ninety days after the motion is filed, it is denied for all purposes."

Sentencing made prior to the filing and ruling on a timely motion for new trial is premature and void. *State v. Frezzell,* 66 S.W.3d 762, 763 (Mo.App. E.D. 2002). Where no final judgment is rendered against a defendant, there is nothing from which to appeal. *Id.* We cannot resolve an appeal on the merits while ignor-

Craig Steven Redler, Brian Robert Seigel, Goffstein, Raskas, Pomerantz, Kraus, & Sherman, St. Louis, for Appellant.

Michael P. Wilson, Monroe County Prosecutor's Office, Paris, for Respondent.

1. All statutory references are to RSMo. (2000), unless otherwise indicated.

2. All rule references are to Mo. R.Crim. P.2003, unless otherwise indicated.

ing the want of a final judgment from which to appeal. *Id.*

The trial court sentenced Defendant on February 3, 2003, prior to the filing of his motion for new trial on February 13, 2003. Nothing in the record indicates that the trial court ruled on the motion nor had ninety days passed since its filing. Thus, the judgment and sentence is premature and void. The case must be remanded to the trial court for the purpose of ruling upon Defendant's motion for new trial. If the motion is denied and sentence thereafter entered, Defendant may then proceed with an appeal to this Court.

We dismiss the appeal and remand to the trial court for a ruling on Defendant's motion for new trial.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.