**CITY OF BYRNES MILL,**
**Plaintiff/Respondent,**

v.

**Earl G. RICE, Jr., Defendant/Appellant.**

**No. ED 83558.**

Missouri Court of Appeals,
Eastern District,
Division Five.

May 18, 2004.

Earl G. Rice, Jr., Dittmer, MO, pro se.

Sally Slipian, St. Louis, MO, for respondent.

SHERRI B. SULLIVAN, Chief Judge.

The City of Byrnes Mill (City) charged Earl G. Rice, Jr. (Defendant) with speeding. The municipal case was certified to the Jefferson County Circuit Court for a trial de novo. A trial was held on August 21, 2003. On September 19, 2003, the trial court found Defendant guilty of speeding. That same day, the trial court sentenced Defendant to pay a fine of $53.00 plus court costs. Defendant now appeals from the judgment and sentence. Because we find the judgment was void, we dismiss Defendant's appeal and remand this matter back to the trial court.

■ A trial de novo in a municipal case is governed by the misdemeanor rules of criminal procedure. Rule 37.74;[1] *City of Richmond Heights v. Buehler*, 644 S.W.2d 390, 391 (Mo.App. E.D.1982). Within the rules applicable to misdemeanors, Rule 29.11(c) provides that no judgment can be rendered until the time for filing a motion for new trial has expired. A defendant has a right to file a motion for new trial within fifteen days after the trial court finds the defendant guilty. Rule 29.11(b) & (e). The right to file a motion for new trial is a valuable right and cannot be denied unless expressly waived, even in court-tried cases. *State v. Braden*, 864 S.W.2d 8, 9 (Mo.App. E.D.1993). Any judgment and sentence rendered by the trial court before the period for filing a motion for new trial has expired is premature and void. *State v. Hauser*, 101 S.W.3d 320, 321 (Mo.App. E.D.2003).

■ Here, the trial court sentenced Defendant before his time period for filing the motion for new trial expired. The record on appeal does not show Defendant expressly waived his right to file a motion

1. All rule references are to Mo. R.Crim. P.2004, unless otherwise indicated.

for new trial. As a result, the judgment and sentence rendered by the trial court is void, and there is no final judgment from which Defendant can appeal.

■ We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson,* 15 S.W.3d 71, 72 (Mo.App. S.D.2000). We issued an order directing Defendant to show cause why this appeal should not be dismissed. He conceded that we have no jurisdiction and asks that the appeal be dismissed and the matter remanded to the trial court. Although provided an opportunity to respond to Defendant's concession, the City has not filed a response.

As outlined by this Court in *Hauser,* the appeal is dismissed and remanded to the trial court. The trial court shall grant Defendant the opportunity to file a motion for new trial or to waive his right to do so. If the right is waived expressly or by passage of time, or if a motion for new trial is filed and denied, then the trial court may sentence Defendant. Defendant will then have the right to appeal.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.