**CITY OF CREVE COEUR,**
Respondent,

v.

**ORDER OF ELKS, St. Louis Lodge
No. 9, Howard Mannschreck,
Trustee, Appellant.**

**No. ED 83125.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 18, 2004.

Gilbert C. Sison, Mark B. Leadlove, St. Louis, MO, for appellant.

Paul E. Martin, Carl J. Lumley, Clayton, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The Order of Elks, St. Louis Lodge No. 9, ("Lodge") appeals from the trial court's judgment finding the Lodge in violation of a zoning ordinance of the City of Creve Coeur. The City charged the Lodge with operating its parking lot as a commercial parking facility for a use that is not designated for the Lodge's activities, in violation of Article 7, Section 26–91.3 of the City of Creve Coeur's Code of Ordinances.[1] After

---

1. Section 26–91.3 provides: "No area designated as a required parking area in connec-

the municipal court found the Lodge in violation of the city ordinance, an application for trial *de novo* was filed and perfected. A bench trial in St. Louis County Circuit Court was held on May 13, 2003. On June 4, 2003, the trial court found the Lodge guilty of violating the city ordinance. Nine days later, on June 13th, the trial court sentenced the Lodge to pay a fine of $500 plus court costs. The Lodge now appeals. Because we find the judgment is void, we dismiss the Lodge's appeal and remand this matter back to the trial court.

▉ A trial *de novo* in a municipal case is governed by the misdemeanor rules of criminal procedure. Rule 37.74; *City of Richmond Heights v. Buehler*, 644 S.W.2d 390, 391 (Mo.App. E.D.1982). Within the rules applicable to misdemeanors, Rule 29.11(c) provides that no judgment can be rendered until the time for filing the motion for new trial has expired. A defendant has a right to file a motion for new trial within fifteen days after the trial court finds him guilty. Rule 29.11(b) & (e). The right to file a motion for new trial is a valuable right and cannot be denied unless expressly waived, even in court-tried cases. *State v. Braden*, 864 S.W.2d 8, 9 (Mo.App. E.D.1993). Any judgment and sentence rendered by the trial court before the period for filing the motion for new trial expired is premature and void. *State v. Hauser*, 101 S.W.3d 320, 321 (Mo.App. E.D.2003).

▉ Here, the trial court sentenced the Lodge nine days after finding the Lodge guilty of violating the city ordinance, before its time period for filing the motion for new trial expired. The record does not show that the Lodge expressly waived its right to file a motion for new trial. As a result, the judgment and sentence rendered by the trial court is void and there is no final judgment from which the Lodge can appeal. *Id.*

▉ We have a duty to *sua sponte* determine whether we have jurisdiction to entertain an appeal. *State v. Wilson*, 15 S.W.3d 71, 72 (Mo.App. S.D.2000). We issued an order directing the parties to show cause why this appeal should not be dismissed. The parties concede that we have no jurisdiction and ask that the appeal be dismissed and the matter remanded to the trial court.

As outlined by this Court in *Hauser*, this appeal is dismissed and the cause remanded to the trial court. The trial court shall grant the Lodge the opportunity to file a motion for new trial or to waive its right to do so. If the right is waived expressly or by passage of time, or if a motion for new trial is filed and denied, then the trial court may sentence the Lodge. The Lodge will then have the right to appeal.

The appeal is dismissed.

CLIFFORD H. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., J., concur.

---

tion with any designated building, structure, site or use shall be operated as a commercial or public parking facility providing parking spaces for the general public."