STATE of Missouri, Plaintiff/Respondent,

v.

James HERRON, Defendant/Appellant.

No. ED 81893.

Missouri Court of Appeals, Eastern District, Division Two.

May 25, 2004.

dant guilty of: 1) one count of second-degree murder, in violation of Section 565.021; 2) two counts of first-degree robbery, in violation of Section 569.020; and 3) three counts of armed criminal action, in violation of Section 571.015.[1] That same day, the trial court entered judgment and sentenced Defendant, as a prior and persistent offender, to life imprisonment on each count, with Counts I and II to run consecutively to each other, and Counts III, IV, V, and VI to run concurrently with each other and to Counts I and II. Because we find the judgment was premature and void, we dismiss Defendant's appeal and remand to the trial court to allow Defendant the opportunity to file a motion for new trial.

At the close of the bench trial on September 18, 2002, the trial court took the case under submission. On September 20, 2002, the trial court found Defendant guilty, entered its judgment, and announced it was prepared to pronounce sentence. Defense counsel asked the trial court to postpone sentencing, pointing out that sentencing customarily occurs some time after judgment is entered, and requested a pre-sentence investigation be conducted. The trial court, however, denied counsel's request and immediately sentenced Defendant.

Although Defendant presents two points on appeal, the first point is dispositive, and we need not address the remaining point. In point one, Defendant argues the trial court erred in entering its judgment and sentences before the time for filing a motion for new trial expired. Defendant further argues that, under Rule 29.11, he should have been allowed time to file a motion for new trial before being sentenced because he did not expressly waive his right to file such a motion. He asks this Court to dismiss his appeal and re-

Craig Johnston, Assistant State Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Leslie E. McNamara, Assistant Attorney General, Jefferson City, MO, for respondent.

MARY K. HOFF, Judge.

James Herron (Defendant) appeals from the trial court's judgment and sentence imposed after a bench trial. On September 20, 2002, the trial court found Defen-

1. All statutory citations are to RSMo 2000, unless otherwise indicated.

mand to the trial court with instructions to grant him the opportunity to file a motion for a new trial or waive his right to do so. Defendant's point is well taken.

A defendant has the right to file a motion for a new trial within fifteen days after the trial court finds him guilty. Rule 29.11(b) and (e); *State v. Hauser*, 101 S.W.3d 320, 321 (Mo.App. E.D.2003); *State v. Morrison*, 94 S.W.3d 448 (Mo.App. E.D. 2003). Rule 29.11(c) provides, in pertinent part, that the trial court shall not render its judgment "until the time for filing a motion for new trial has expired and if such motion is filed, until it has been determined." The right to file a motion for a new trial is a valuable right and, even in court-tried cases, this right cannot be denied unless expressly waived. *Hauser*, 101 S.W.3d at 321; *Morrison*, 94 S.W.3d at 448. Therefore, a judgment and sentence made prior to the period for filing the motion for new trial has expired is premature and void. *Hauser*, 101 S.W.3d at 321; *Morrison*, 94 S.W.3d at 448.

Where no final judgment has been rendered against a defendant, he has nothing from which to appeal. Section 547.070; *State v. Frezzell*, 66 S.W.3d 762, 763 (Mo. App. E.D.2002). Moreover, this Court cannot resolve an appeal on the merits where no final judgment exists because, without a final judgment, this Court lacks jurisdiction. *Hauser*, 101 S.W.3d at 321; *State v. Wilson*, 15 S.W.3d 71, 72 (Mo.App. S.D.2000).

Here, the trial court sentenced Defendant on the same day he was found guilty, before the time period for filing the motion for new trial expired. Moreover, the record reveals that Defendant did not expressly waive his right to file a motion for new trial. Therefore, the judgment and sentence entered by the trial court was premature and void, and we conclude that there exists no final judgment from which Defendant can appeal. *Hauser*, 101

S.W.3d at 321; *Morrison*, 94 S.W.3d at 448; *Frezzell*, 66 S.W.3d at 764. Consequently, we are without jurisdiction to resolve Defendant's claims on the merits. *Wilson*, 15 S.W.3d at 72.

Accordingly, we dismiss Defendant's appeal and remand this case to the trial court with directions to grant Defendant the opportunity to file a motion for new trial or to waive his right to do so. If Defendant waives his right to file such a motion, either expressly or by the passage of time, or a motion for new trial is filed and subsequently denied, the trial court may thereafter sentence Defendant, and he will then have the right to appeal.

Appeal dismissed.

GLENN A. NORTON, Presiding Judge and KATHIANNE KNAUP CRANE, Judge, Concur.