**STATE of Missouri, Respondent,**

v.

**Walter HOWE, Appellant.**

No. ED 84992.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 2005.

Benicia Ann Baker–Livorisi, The Family Law Group, St. Charles, MO, for appellant.

Margaret M. Eveland, St. Charles, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Walter Howe ("Defendant") appeals from a judgment purportedly entered by the Circuit Court of St. Charles County, following a jury trial in which Defendant was found guilty of making a false police report. Defendant contends the trial court erred in entering a judgment and sentence without ruling on his motion for new trial and in erroneously admitting irrelevant evidence. Defendant also contends that he received ineffective assistance of counsel and requests remand because of an incomplete transcript. Because we do not have jurisdiction to consider this appeal, we dismiss.

### Statement of Facts and Proceedings Below

Viewed in the light most favorable to the verdict, the evidence adduced at trial establishes that on September 18, 2003, Defendant called the police to report property damage to his son's car. Defendant told Officer Brit Duncan that, while standing on his back porch at 10:00AM, he saw his neighbors, Amber Blazer and Richard Navarro, drive to his son's car and hit the tail-lights with a stick. Defendant also made a written statement.

Upon investigation, however, Officer Duncan uncovered discrepancies in Defendant's statement. Officer Duncan questioned Ms. Blazer, who said she was attending class at the University of Missouri–St. Louis at the time of the incident. She then gave Officer Duncan a surveillance tape, which showed that Defendant was not on his porch at the time of the alleged incident. After viewing the tape, Officer Duncan became suspicious of the allegation and confronted Defendant. Defendant told Officer Duncan that he was actually watching from a window in his kitchen, and made a second written statement to that effect. At that point, Officer Duncan turned the investigation over to Detective Kleinschmidt. Detective Kleinschmidt conducted further investigation and determined that Ms. Blazer was attending class and Mr. Navarro was at work at the time of the incident. During a third interview with police officers, Defendant admitted to lying about seeing Ms. Blazer and Mr. Navarro damage his son's car, and made a written statement to that effect.

Following trial on July 14, 2004, a jury convicted Defendant of making a false po-

lice report in violation of Section 575.080.[1] The jury recommended a sentence of a fine and ninety days in jail. That same day the trial court entered a judgment and sentenced Defendant to ninety days in jail and a five-hundred dollar fine. Defendant filed his motion for new trial on July 29, 2004. Without denying the motion for new trial, the trial court entered a second sentence and judgment on July 29, 2004, which was identical to the first sentence and judgment entered on July 14, 2004. Defendant appeals.

### Discussion

■ Defendant contends in his first point that the trial court erred by entering the first judgment prior to the expiration of time to file a motion for new trial. In addition, Defendant asserts that the trial court erred in entering the second judgment without vacating the first judgment, without ruling on the motion for new trial and prior to the ninety-day period pursuant to Rule 29.11(g). In essence, the Defendant is challenging the jurisdiction of this court. The State concedes that this court does not have jurisdiction. We agree.[2]

■ A defendant has fifteen days after return of the verdict in which to file a motion for new trial under Rule 29.11(b). *State v. Hauser*, 101 S.W.3d 320, 321 (Mo. App. E.D.2003); *State v. Braden*, 864 S.W.2d 8, 9 (Mo.App. E.D.1993). Rule 29.11(c) provides in pertinent part that "[n]o judgment shall be rendered until the time for filing a motion for new trial has expired, and if such motion is filed, until it has been determined." In addition, Rule 29.11(g) states that "[i]f the motion is not passed on within ninety days after the motion is filed, it is denied for all purposes." The trial court is not permitted to render judgment until the time for filing the motion for new trial has expired. *Hauser*, 101 S.W.3d at 321. Any judgment and sentence rendered before the expiration of the period for filing the motion for new trial is premature and void. *Id.*

■ Following the filing of a motion for new trial, the trial court cannot render judgment until the trial court has ruled on the motion. *Braden*, 864 S.W.2d at 9. If the motion for new trial is not ruled on within ninety days after the motion is filed, it is denied for all purposes. *State v. Frezzell*, 66 S.W.3d 762, 763 (Mo.App. E.D.2002). A judgment and sentence entered prior to a ruling on a timely motion for new trial, or the expiration of ninety days, is premature and void. See *Frezzell*, 66 S.W.3d at 763. See also *State v. Herron*, 136 S.W.3d 126, 128 (Mo.App. E.D.2004).

■ Where no final judgment is entered against a defendant, he has nothing from which to appeal. *Herron*, 136 S.W.3d at 128. Furthermore, without a final judgment, this court lacks jurisdiction and cannot resolve an appeal on the merits. *Id.* In such circumstances, we must dismiss the appeal and remand the case to the trial court. *Hauser*, 101 S.W.3d at 321.

Here, the trial court first sentenced Defendant and entered judgment prior to the expiration of the period for filing a motion for new trial. As a result, the first judgment and sentence rendered by the court is void and Defendant cannot appeal from that judgment. See *Hauser*, 101 S.W.3d at 321; *Braden*, 864 S.W.2d at 9. In addition, although the trial court entered a second judgment and sentence following

---

1. All statutory references are to Mo.Rev.Stat. 2000 unless otherwise indicated.

2. Because Defendant's first point is dispositive, we do not address his remaining points. *State v. Herron*, 136 S.W.3d 126, 127 (Mo. App. E.D.2004).

the filing of the motion for new trial, it did so prior to a determination on the merits of the motion and before the expiration of ninety days from the date Defendant filed his motion. Accordingly, the second judgment and sentence is void. In the absence of a final judgment, we have no jurisdiction to hear the appeal and accordingly dismiss and remand to the trial court. *Herron*, 136 S.W.3d at 128.

### *Conclusion*

We dismiss the appeal and remand to the trial court.

MARY K. HOFF, P.J., and CLIFFORD H. AHRENS, J., Concur.