**CITY OF SUNSET HILLS,**
Respondent,

v.

**Mary B. WYMER, Appellant.**

**No. ED 90028.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 9, 2008.

Robert Herman, St. Louis, MO, for appellant.

Robert E. Jones, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Mary B. Wymer (hereinafter, "Defendant") appeals from the circuit court's

judgment convicting her of peace disturbance pursuant to the City of Sunset Hills' (hereinafter, "the City") Ordinance No. 886, Section 16–2 (1988). Initially, Defendant asserts the unique position that her appeal should be dismissed for lack of a final appealable judgment. Should this Court determine the judgment is final for purposes of appeal, Defendant raises one point on appeal challenging the sufficiency of the City's charging document in that she claims it did not state essential facts constituting an ordinance violation. The appeal is dismissed.[1]

The City charged Defendant with peace disturbance, a municipal ordinance violation. After Defendant requested a jury trial, the matter was transferred to the Circuit Court of St. Louis County and assigned to an associate circuit judge. Before going to trial, Defendant waived her right to a jury trial. A bench trial was conducted on May 25, 2007. On July 9, 2007, the associate circuit judge entered a judgment convicting Defendant of peace disturbance. That same day, the court assessed a $500.00 fine. Defendant filed her notice of appeal on July 19, 2007.

On January 15, 2008, this Court *sua sponte* issued an order directing Defendant to show cause why her appeal should not be dismissed for lack of a final judgment. This Court noted that pursuant to Rule 37.61(e), all municipal violations in which a jury trial has been requested are governed by the misdemeanor rules of criminal procedure. Further, Rule 29.11(c), which applies to misdemeanors, states that no judgment shall be rendered until the time for filing a motion for new trial has expired. In this case, the associate circuit judge sentenced Defendant on the same day as her conviction, before the

time for the filing of a motion for new trial had expired. Therefore, it appeared that her judgment and sentence were void, and therefore, not final for purposes of appeal.

Defendant filed a response conceding the judgment was not final and her appeal should be dismissed because Rule 29.11(c) was violated. Additionally, Defendant requested the case be remanded to the circuit court to allow her to file a motion for new trial pursuant to Rule 29.11(c). The City filed a response to which Defendant replied. This Court's honorable chief judge, in her order dated February 26, 2008, framed the issue as follows:

> The City contends that the misdemeanor rules of criminal procedure do not apply, because Defendant waived her right to a jury trial. Rule 37.61 states that "[a]ll jury trials shall proceed in the manner provided for the trial of a misdemeanor by the rules of criminal procedure." The City contends that once Defendant waived her right to a jury trial, the misdemeanor rules no longer applied. The City offers no alternative procedure. Oddly, Defendant also states that Rule 37.61 does not apply, because Rule 37 provides special procedures for trial of ordinance violations only when they are tried in courts of this state having "original jurisdiction" of any ordinance violation. Rule 37.01. Because the Circuit Court of St. Louis County does not have original jurisdiction over [the City's] ordinance violations, Defendant contends Rule 37 does not apply. Therefore, if this Court believes the parties, then no procedure at all applies.
>
> The jurisdictional issue is taken with the case. The parties may address this issue further in their respective briefs.

1. In light of our dismissal of the appeal on jurisdictional grounds, we need not rule on the City's motion taken with the case with respect to the contents of the legal file that relate to Defendant's point on appeal.

■ It is well-settled that before we can review an issue on the merits, we first must determine our jurisdiction to do so. *Townsend v. Eastern Chemical Waste Systems*, 234 S.W.3d 452, 469 (Mo.App. W.D. 2007). If our Court lacks such jurisdiction, then we must dismiss the appeal of that issue. *Id.*

■ This case presents an issue of first impression: Which procedure applies when a defendant requests a jury trial in a municipal ordinance violation case resulting in the certification of the case to the circuit court, later waives that right, and the circuit court conducts a bench-trial on the issue. Finding no relevant caselaw on this issue, we turn to the relevant Supreme Court Rules governing ordinance violations.

Rule 37.61(e) states "[a]ll jury trials shall proceed in the manner provided for the trial of a misdemeanor by the rules of criminal procedure." Here, Defendant initially requested a jury trial and the case was assigned to an associate circuit judge. However, Defendant later waived her right to a jury trial. Rule 37.61 addresses the situation where a defendant may subsequently waive his or her right to a jury trial after his or her case has been docketed in circuit court. Rule 37.61(f) provides that after the defendant files a written waiver of the right to a jury trial, "the case *may* be remanded to the municipal division for trial." (Emphasis added). Based upon the permissive language used in this Rule, it is contemplated that the circuit court may either remand the case to the municipal division for trial or it may exercise its discretion and retain the case for trial.

Here, the circuit court exercised its discretion and retained Defendant's case by proceeding with a bench trial. As such, we find the application of the misdemeanor rules of criminal procedure in this instance apropos given the circuit court's retention of jurisdiction over the proceeding. Once the circuit court exercises its jurisdiction, Rule 19.01 provides "Rules 19 to 36, inclusive, govern the procedure in all courts of this state having jurisdiction of criminal proceedings."

■ Contained within the procedural rules applicable to misdemeanors, Rules 29.11(b) and (e) states the defendant has the right to file a motion for new trial within fifteen days after the trial court finds him or her guilty. The right to file a motion for new trial is a valuable right and cannot be denied unless expressly waived, even in bench-tried cases. *City of Creve Coeur v. Order of Elks*, 136 S.W.3d 116, 117 (Mo.App. E.D.2004). Moreover, Rule 29.11(c) states no judgment can be rendered until the time for filing the motion for new trial has expired. Any judgment and sentence rendered by the trial court prior to the filing and ruling on the motion for new trial is premature and void. *State v. Drury*, 160 S.W.3d 419, 420 (Mo.App. E.D.2005); *See also, City of Byrnes Mill v. Rice*, 136 S.W.3d 84, 85 (Mo.App. E.D. 2004).

Here, the trial court assessed a fine against Defendant on July 9, 2007, the same day it found her guilty, prior to the time period for filing her motion for new trial expired. As a result, the judgment and sentence rendered by the associate circuit judge is void and there is no final judgment from which Defendant can appeal. *Rice*, 136 S.W.3d at 86; *See also, State v. Hauser*, 101 S.W.3d 320, 321 (Mo. App. E.D.2003).

As outlined by this Court in *Hauser*, this appeal is dismissed and the cause remanded to the circuit court. The court shall grant Defendant the opportunity to file a motion for new trial or to waive her right to do so. If Defendant's right is waived expressly or by passage of time, or if a

motion for new trial is filed and denied, then the associate circuit court may sentence Defendant. At that point, Defendant will then have the right to appeal.[2]

The appeal is dismissed.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.

---

2. Any remaining jurisdictional issues not resolved by this appeal may be raised by the parties and addressed by the court on remand.