**STATE of Missouri, Plaintiff–Respondent,**

v.

**Roger L. FRANKLIN, Defendant–Appellant.**

**No. SD 29731.**

Missouri Court of Appeals, Southern District, Division One.

March 29, 2010.

Kent Denzel, Assistant Public Defender, Columbia, MO, for Appellant.

Michael L. Ash, Cedar County Prosecuting Attorney, Stockton, MO, for Respondent.

DON E. BURRELL, Judge.

Roger Franklin ("Defendant") was convicted, following a bench trial, of the class B misdemeanor of disturbing the peace.[1] Immediately after finding Defendant guilty, the trial court sentenced Defendant to a fifteen day jail term, suspended execution of the sentence, and placed Defendant on a two-year term of probation. This Court dismissed Defendant's first attempt to appeal his conviction for lack of a final judgment. Because the trial court sentenced Defendant prior to the expiration of the time period allowed for the filing of a motion for new trial, its purported sentence and judgment was void. *See State v. Wilson*, 15 S.W.3d 71, 72 (Mo.App. S.D. 2000); Rule 29.11(c).[2]

After we dismissed Defendant's appeal, he waived his right to file a motion for new trial. The trial court then sentenced Defendant to a fifteen day jail term, this time, however, denying probation and executing Defendant's jail sentence.[3] Defendant now appeals, alleging the trial court erred by: 1) admitting evidence that the victim had previously sought orders of protection against Defendant; and 2) increasing Defendant's sentence after his first appeal was dismissed. Finding no error, we affirm.

---

1. *See* section 574.010. Unless otherwise indicated, all statutory references are to RSMo 2000.

2. Unless otherwise indicated, all references to rules are to Missouri Court Rules (2009).

3. Defendant was not actually required to report to jail as the trial court stayed the enforcement of Defendant's incarceration pending this appeal.

## Facts[4]

On July 4, 2008, Heather Haak ("Victim"), her husband, Aaron Haak ("Aaron"), and their children, including 10–year–old Dakota Haak ("Dakota"),[5] were having a bonfire and shooting off fireworks in their front yard. Around 9:00 p.m., Victim saw Defendant, riding as a passenger in a light gray sport utility vehicle, approaching her road. Victim testified that once the vehicle stopped, Defendant "rolled out a roll of fireworks up to [her] boat and set them off." After Defendant lit the fireworks, the vehicle drove off.

About an hour later, Victim and Dakota were still in the front yard, and Dakota saw the same vehicle approaching. The vehicle stopped in front of Victim and Dakota, and Defendant threw a large firecracker over the top of the vehicle toward Victim. The firecracker exploded in Victim's face, throwing sparks into her eye and temporarily deafening her hearing in one ear. Aaron ran toward the vehicle at that point, and he and Defendant "yelled at each other" before the vehicle sped off.

Cedar County Sheriff's Deputy Kevin Lowe ("Deputy Lowe") was dispatched to the Haaks' residence and encountered Defendant on the way. Defendant denied being on Victim's street and claimed that she was lying because he was suing her for $580 over a previous petition for an *ex parte* order of protection that had "been dropped." Defendant appeared to Deputy Lowe to be intoxicated.

After leaving Defendant, Deputy Lowe arrived at the Haaks' residence and recovered the remains of the expended fire-work. The casing was found about eight-to-ten feet away from where Victim was sitting when Deputy Lowe arrived. Neither Victim's family nor her neighbors had shot off any similar fireworks. Victim described the firework as having a lot of flashing and crackling, with a loud boom. Dakota had a similar description, except he did not see who threw it and did not hear a boom. Victim did not consult a doctor about her injuries and had no visible burn marks.

At trial, Victim testified that she did not have a good relationship with Defendant and that there had been previous "problems" between them. Defendant objected to both of these statements on the grounds that they had no relevance and constituted evidence of uncharged offenses. While overruling those objections, the court indicated that it had previously heard an *ex parte* case filed by Victim against Defendant and had not granted a full order of protection. The court then encouraged the State to move on to other evidence against Defendant.

## Analysis

### Point I: Admissibility of Evidence of Prior Order of Protection Application

Defendant's first point alleges the trial court abused its discretion in admitting evidence that Victim had sought orders of protection against Defendant for herself and her children. Defendant argues the admission was error because it constituted evidence of "other crimes."

---

4. Defendant does not challenge the sufficiency of the evidence supporting his conviction. We view the evidence in the light most favorable to the verdict and our recitation of the relevant facts is in accordance with that standard. *See State v. Kitchen*, 950 S.W.2d 284, 285 (Mo.App. S.D.1997).

5. Collectively, "the Haaks." Because several persons involved share the same surname, we use their given names for ease of identification. In so doing, we intend no disrespect.

■ Trial courts have broad discretion to admit or exclude evidence at trial and this court will reverse only if there is a clear abuse of that discretion. *State v. Zink*, 181 S.W.3d 66, 70–73 (Mo. banc 2005). An abuse of discretion exists if the outcome is " 'clearly against the logic of the circumstances' and is 'so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.' " *State v. Thomas*, 118 S.W.3d 686, 689 (Mo.App. W.D.2003) (quoting *State v. Gardner*, 8 S.W.3d 66, 73 (Mo. banc 1999)).

■ Defendant's first point fails for at least two reasons. First, he fails to identify the allegation in Victim's *ex parte* petition he alleges constituted evidence of a crime. This omission may be due to the fact that a review of the transcript discloses that the complained-of testimony from Victim referred only to a "prior incident" that was alleged to have taken place between Victim and Defendant, the nature of which was never revealed. Second, even if we were to assume that this vague testimony should not have been received, Defendant would not be entitled to relief. Unless the record clearly reveals that the trial judge considered and relied upon inadmissible evidence, we presume the trial judge was not prejudiced by such evidence and was not influenced by it in reaching his judgment. *State v. Sladek*, 835 S.W.2d 308, 313 (Mo. banc 1992).

In this case, the trial judge assumed without being told that the "prior incident" related to an *ex parte* application for a full order of child protection he had denied after conducting an evidentiary hearing. The judge then directed the State to move on to a different line of questioning. The judge made no further reference to the *ex parte* application, and there is no evidence

in the record that shows the judge relied on or considered it in reaching his verdict.[6] Point I is denied.

### Point II: Propriety of Defendant's Sentence

■ Defendant's second point contends the trial court plainly erred in sentencing him "to increased punishment of 15 days in jail, rather than the suspended execution of sentence with probation that he received following trial," claiming the "increased sentence" was retaliation for his exercising his right to an appeal. Defendant concedes that we may only review this claim for plain error under Rule 30.20 as he did not lodge an objection to his sentence at the time it was imposed. To prevail on a claim of plain error, Defendant must show: "(1) that the error was plain, i.e., evident, obvious, and clear; (2) that a failure to correct the error would produce a manifest injustice or a miscarriage of justice; and (3) that the error was outcome determinative." *State v. Moore*, 252 S.W.3d 272, 275 (Mo.App. S.D.2008) (internal citations omitted).

■ Missouri courts have repeatedly held that "[a] judgment and sentence made prior to [when] the period for filing the motion for new trial has expired is premature and void." *State v. Herron*, 136 S.W.3d 126, 128 (Mo.App. E.D.2004); *Wilson*, 15 S.W.3d at 72; *State v. DeGraffenreid*, 855 S.W.2d 450, 451 (Mo.App. S.D. 1993); *State v. Goth*, 792 S.W.2d 437, 438 (Mo.App. W.D.1990). We treat a void judgment as though no judgment had ever been imposed. *See State ex rel. Dutton v. Sevier*, 336 Mo. 1236, 83 S.W.2d 581, 583 (1935).

Defendant relies on several cases, including *State v. Burkemper*, 882 S.W.2d

---

**6.** Further weakening Defendant's argument that the admission of the testimony concerning the prior application for order of protection was prejudicial to him is that the trial court's denial of a full order of protection would tend to indicate that it did not believe the evidence Victim had presented in support of that application.

193 (Mo.App. E.D.1994), and *State ex rel. Patterson v. Randall*, 637 S.W.2d 16 (Mo. banc 1982), as support for his argument that a harsher sentence cannot be imposed unless it is conclusively shown that it is not the result of vindictiveness. *See, e.g., Patterson*, 637 S.W.2d at 17. However, these cases involved the imposition of a harsher sentence after a rehearing or new trial had been granted; they did not involve a sentence imposed after the prior attempt at sentencing was impermissibly premature. When dealing with a void judgment, the first sentence is treated as a nullity. *See State ex rel. Dutton*, 336 Mo. at 1240, 83 S.W.2d 581. Because the sentence Defendant now appeals was his only sentence, his claim that his punishment was increased fails. The trial court's sentence was within the range authorized by law for a class B misdemeanor. No error appears, plain or otherwise. Defendant's second point is also denied, and the judgment of the trial court is affirmed.

BARNEY and BATES, JJ., Concur.